UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

**PARACO GAS CORPORATION,**

Plaintiff,

-against-

**TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
CARNALL INSURANCE, LLC a/k/a FAIRFIELD
COUNTY BANK INSURANCE SERVICES,
ALICE LARA-PIVETZ and JEFF WELSCH,**

Defendants.

--------------------------------------------------------X

**12-CV-5562(KMK)**

**SECOND AMENDED
COMPLAINT**

Plaintiff, by its attorneys, THE DEIORIO LAW GROUP, PLLC, upon information and belief, alleges the following.

1.    At all times hereinafter mentioned, plaintiff is a domestic corporation with its principal place of business located in the County of Westchester, State of New York.

2.    Upon information and belief, defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter referred to as "TRAVELERS") was and remains a foreign corporation authorized to do business in the State of New York with principal place of business located in Hartford, Connecticut.

3.    In October of 2009, Jason E. Hull was employed by TRAVELERS with offices located at 300 Windsor Street, Hartford, Connecticut.

4.    In October of 2009, Mr. Hull was employed by TRAVELERS as an Underwriter.

5.    Upon information and belief, defendant CARNALL INSURANCE LLC, which has also been known as FAIRFIELD COUNTY BANK INSURANCE SERVICES ("CARNALL") was and remains a limited liability company duly organized and existing under

and by virtue of the laws of the State of Connecticut with offices located in the State of Connecticut.

6.      Upon information and belief, defendant ALICE LARA-PIVETZ was and remains an individual residing in the State of Connecticut.

7.      Upon information and belief, defendant JEFF WELSCH was and remains an individual residing in the State of Connecticut. .

8.      In October of 2009, defendant LARA-PIVETZ was employed by CARNALL.

9.      In October of 2009, defendant WELSCH was employed by CARNALL.

10.     CARNALL, LARA-PIVETZ and WELSCH are hereinafter referred to as the "CARNELL defendants".

11.     CARNALL was retained by plaintiff to obtain Directors & Officers ("D&O") liability insurance to match its expiring insurance policy with the Chubb Insurance Company.

12.     In October of 2009, CARNALL was in the possession of plaintiff's expiring Chubb Insurance policy.

13.     Plaintiff's expiring insurance policy with Chubb Insurance Company did not include an ownership percentage exclusion.

14.     As part of the application process, TRAVELERS was provided with a copy of plaintiff's expiring insurance policy with the Chubb Insurance Company.

15.     As part of the application process, plaintiff also completed an initial application for coverage for TRAVELERS (hereinafter referred to as "Application").  A copy of the Application is annexed hereto as **Exhibit "A".**

16.     The aforementioned Application included a list of plaintiff's shareholders and their respective ownership interests.

2

17.     In October of 2009, all of the shareholders of the plaintiff corporation, except for the "Grandchildren's Trust", owned more than a 5% interest in the plaintiff corporation.

18.     On October 2, 2009, Hull, on behalf of TRAVELERS, sent a letter to the CARNALL defendants with three (3) proposals for insurance coverage for plaintiff.  See Hull's October 2, 2009 letter as annexed hereto as **Exhibit "B"**.

19.     On October 2, 2009, Hull emailed the CARNALL defendants (See copy of e-mail annexed hereto as **Exhibit "C"**) confirming that "[t]he second quote matches Chubb expiring policy" of the plaintiff.

20.     On or about October 2, 2009, the CARNALL defendants informed plaintiff that TRAVELERS offered a policy that matched the coverage of plaintiff's expiring Chubb Insurance policy.

21.     On October 20, 2009, Hull sent the CARNALL defendants a letter with four (4) proposals for insurance coverage.  See copy of letter annexed hereto as **Exhibit "D"**)

22.     The "second quote" as referred to by Hull in his October 2, 2009 e-mail now became the "first quote" attached in Hull's October 20, 2009 letter.

23.     Relying on the representations made by Hull and the CARNALL defendants, plaintiff agreed to accept TRAVELERS' first quote (previously the second quote), which was represented by all the defendants to match plaintiff's expiring insurance policy with the Chubb Insurance Company.

24.     TRAVELERS issued an insurance policy to plaintiff.

25.     Plaintiff expected that the aforesaid policy would provide coverage for claims/suits alleged against the direction and officers of the plaintiff's corporation by any of its shareholders.

3

26.     Unbeknownst to plaintiff, but known to TRAVELERS and the CARNALL defendants, the insurance policy issued by TRAVELERS included the 5% ownership exclusion.

27.     The 5% ownership exclusion resulted in no coverage for any claims/suits brought by any of the plaintiff's shareholders, except for the "Grandchildren's Trust".

28.     Plaintiff did not discover the existence of the 5% ownership exclusion until it was denied coverage for certain claims asserted by non-party shareholder Robert Armentano in the lawsuit commenced against the plaintiff corporation in Supreme Court, Westchester County, under Index Number 13313/2010, alleging the breach of fiduciary duty of its directors and officers ("Robert Armentano's Complaint").  A copy of the Complaint is annexed hereto as **Exhibit "E"**.

## AS AND FOR THE FIRST CAUSE OF ACTION

29.     Plaintiff repeats and realleges the allegations set forth in paragraph "1" through "28" above as if fully set forth herein.

30.     Plaintiff requested that any policy of insurance to be purchased by plaintiff and issued by TRAVELERS would be required to match the coverage included in the expiring policy of insurance issued by the Chubb Insurance Company to plaintiff.

31.     Plaintiff's expiring insurance policy with Chubb Insurance Company did not include any ownership percentage exclusions.

32.     TRAVELERS was in possession of plaintiff's expiring insurance policy with the Chubb Insurance Company.

33.     TRAVELERS provided plaintiff with a proposal for coverage that TRAVELERS specifically represented would match the coverage of plaintiff's expiring insurance policy with the Chubb Insurance Company.

4

34.     Plaintiff, relying on TRAVELERS' representations, agreed to purchase said coverage.

35.     TRAVELERS issued its D&O insurance policy to plaintiff effective from October 24, 2009 through July 12, 2010.

36.     Unbeknownst to plaintiff, but known to TRAVELERS, the insurance policy issued by TRAVELERS included the 5% ownership exclusion.

37.     Plaintiff did not discover the existence of the 5% ownership exclusion until it was denied coverage for certain insurance claims asserted by non-party shareholder Robert Armentano.

38.     The said insurance coverage exclusion issued to plaintiff by defendant was either a mistake, or fraudulently issued and but for the representations made by Hull, plaintiff would have never agreed to purchase said policy.

39.     Plaintiff herein seeks an order from the Court to reform the insurance policy to remove the 5% ownership exclusion as a result of the unilateral mistake and fraud of defendant.

40.     Plaintiff has no adequate remedy at law.

## AS AND FOR THE SECOND CAUSE OF ACTION

41.     Plaintiff repeats and realleges the allegations set forth in paragraph "1" through "40" above as fully set forth herein.

42.     Non-party shareholder Robert Armentano brought suit against the plaintiff corporation in Supreme Court, Westchester County, under Index Number 13313/2010, alleging the breach of fiduciary duty of its directors and officers ("Robert Armentano's Complaint).

43.     Upon notice of said Complaint, plaintiff immediately put TRAVELERS on notice of this claim and requested same to defend and indemnification under the D&O policy.

44.     TRAVELERS has informed plaintiff that there was and is no coverage under said policy for the claim alleged by Robert Armentano's Complaint.

45.     As per paragraph 5 of the Robert Armentao's Complaint, it was alleged that said lawsuit was commenced on behalf of "all other shareholders of Paraco similarly situated".

46.     At the applicable period in time, all of the shareholders of the plaintiff corporation, except for the "Grandchildren's Trust", owned more than a 5% interest in the plaintiff corporation.

47.     Even assuming the 5% ownership exclusion applies under the insurance coverage provided by TRAVELERS, coverage for said lawsuit still exists since the "Grandchildren's Trust" is a "similarly situated" shareholder.

48.     As a "similarly situated" shareholder, the "Grandchildren's Trust" should be afforded coverage under the applicable policy issued by TRAVELERS.

49.     The plaintiff disputes and disagrees with the position of TRAVELERS and demands TRAVELERS defend and indemnify it in accordance to the terms of the policy.

50.     There is an actual controversy between plaintiff and TRAVELERS as to whether protection under the policy is now afforded to plaintiff, which should be determined prior to the trial of the action now pending against the plaintiff herein.

## AS AND FOR THE THIRD CAUSE OF ACTION

51.     Plaintiff repeats and realleges the allegations set forth in paragraph "1" through "50" above as set if fully set forth herein.

52.     On or about October 2, 2009, Jason E. Hull was employed by TRAVELERS with offices located at 300 Windsor Street, Hartford, Connecticut.

53.    On or about October 2, 2009, Hull was employed by TRAVELERS as an Underwriter.

54.    The defendants were retained by plaintiff to obtain insurance to match its expiring insurance policy with Chubb Insurance Company.

55.    Plaintiff's expiring insurance policy with Chubb Insurance Company did not include any ownership percentage exclusion.

56.    As part of the application process, Hull was provided with a copy of plaintiff's expiring insurance policy with the Chubb Insurance Company.

57.    On October 2, 2009, Hull, on behalf of TRAVELERS, sent a letter to the CARNALL defendants with three (3) proposals for insurance coverage for the plaintiff.

58.    On October 2, 2009, Hull e-mailed the CARNALL defendants confirming that "[t]he second quote matches Chubb expiring policy" of the plaintiff.

59.    On October 20, 2009, Hull sent the CARNALL defendants a letter with four (4) proposals for insurance coverage.

60.    The "second quote" as referred to by Hull in his October 2, 2009 e-mail now became the "first quote" attached to Hull's October 20, 2009 letter.

61.    Relying on the representation made by Hull, on behalf of TRAVELERS, plaintiff decided to accept the first quote (previously the second quote), which was represented to match plaintiff's expiring insurance policy with Chub Insurance Company.

62.    TRAVELERS issued its insurance policy to plaintiff, which included D&O coverage, effective from October 24, through July 12, 2010.

63.    Plaintiff expected that the aforesaid policy would provide coverage of claims/suits alleged against the directors and officers of the plaintiff's corporation by any of its shareholders.

7

64.     Unbeknownst to plaintiff, but known to TRAVELERS, the insurance policy issued by TRAVELERS included the 5% ownership exclusion.

65.     The representations made by Hull to plaintiff in October of 2009 with respect to the insurance coverage procured for plaintiff were false and/or misleading.

66.     Plaintiff did not discover the existence of the 5% ownership exclusion until it was denied coverage for certain claims asserted by non-party shareholder Robert Armentano in the lawsuit commenced against the plaintiff corporation in Supreme Court, Westchester County, under Index Number 13313/2010, alleging the breach of fiduciary duty of its directors and officers ("Robert Armentano's Complaint").

67.     As a result the actions of TRAVELERS plaintiff was damaged in an amount to be proved at time of trial.

## AS AND FOR THE FOURTH CAUSE OF ACTION

68.     The plaintiff repeats and realleges each and every allegation in paragraphs "1" through "67" as fully set forth above.

69.     Defendant CARNALL is a licensed insurance broker.

70.     Defendant LARA-PIVET is a licensed insurance agent.

71.     Defendant WELSCH is a licensed insurance agent.

72.     The CARNALL defendants hold themselves out as having skill and expertise in procuring insurance and advising clients as to their insurance needs.

73.     Plaintiff retained the services of the CARNALL defendants in order to obtain D&O insurance that matched its expiring insurance policy with the Chubb Insurance Company.

74.     The CARNALL defendants arranged for and procured D&O insurance coverage for plaintiff from TRAVELERS.

8

75.    The CARNALL defendants represented to plaintiff that the insurance policy procured from TRAVELERS matched plaintiff's expiring insurance policy with the Chubb Insurance Company.

76.    Plaintiff relied upon the representations made by the CARNALL defendants and as a result agreed to accept the aforementioned insurance coverage.

77.    TRAVELERS issued its insurance policy to plaintiff.

78.    Unbeknownst to plaintiff, but known by or should have been known by CARNALL , the insurance policy issued by TRAVELERS did not match the expiring insurance policy from Chubb Insurance Company and  included the 5% ownership exclusion.

79.    The representations made by the CARNALL defendants with respect to the insurance coverage procured for plaintiff were false and misleading.

80.    Plaintiff did not discover the existence of the 5% ownership exclusion until it was denied coverage for certain claims asserted by non-party shareholder Robert Armentano in the lawsuit commenced against the plaintiff corporation in Supreme Court, Westchester County, under Index Number 13313/2010, alleging the breach of fiduciary duty of its directors and officers ("Robert Armentano's Complaint").

81.    As a result of the actions and/or failures of the CARNALL defendants, plaintiff was damaged in an amount to be proved at the time of trial.

## AS AND FOR THE FIFTH CAUSE OF ACTION

82.    The plaintiff repeats and realleges each and every allegation in paragraph "1" through "81" as if fully set forth herein.

83.    The CARNALL defendants held themselves out as having skill and expertise in procuring insurance and in advising clients as to their insurance needs.

84.   Plaintiff informed the CARNALL defendants of its desire to obtain D&O Insurance coverage that matched its expiring insurance policy with the Chubb Insurance Company.

85.   The CARNALL defendants rendered professional advice and counsel to plaintiff with respect to its insurance needs, upon which plaintiff relied, creating a fiduciary relationship between the parties.

86.   The CARNALL defendants had a fiduciary duty not to make representations to plaintiff which were known to be false or untrue or should have been known to be false or untrue.

87.   The CARNALL defendants arranged for and procured D&O insurance coverage for plaintiff from TRAVELERS.

88.   The CARNALL defendants advised plaintiff that said insurance coverage from TRAVELERS matched the coverage of plaintiff's expiring D&O policy of insurance from Chubb Insurance Company.

89.   The CARNALL defendants breached their fiduciary duty to plaintiff when it was discovered by Plaintiff that the policy issued by TRAVELERS and procured by the CARNALL defendants did not match the expiring Chubb Insurance company policy.

90.   As a result of Defendants' actions and /or failures of the CARNALL Defendants in their conduct and breach of their fiduciary duty to plaintiff, plaintiff was damaged in an amount to be proved at the time of trial.

**WHEREFORE,** PARACO GAS CORPORATION demands judgment declaring reformation of the insurance policy as plead, declaring defendants  TRAVELERS CASUALTY

AND SURETY COMPANY OF AMERICA has a duty to defend and indemnify plaintiff and for

money damages in an amount to be proven at time of trial and as against Defendants CARNALL

INSURANCE LLC a/k/a FAIRFIELD COUNTY BANK INSURANCE SERVICES, ALICE

LARA-PIVETZ and JEFF WELSCH for their respective actions, failures and breach of fiduciary

obligations as above pleaded for damages in the amount to be proven at trial, together with all

costs and disbursements of this action.

Dated: Rye Brook, New York
    March 5, 2013

THE DEIORIO LAW GROUP, PLLC
By Robert G. Rafferty, Esq. (1831)
Attorneys for Plaintiff
800 Westchester Avenue Suite S608
Rye Brook, New York 10573
914/696-5555
TO:

BOUNDAS, SKARZNSKI, WALSH & BLACK, LLC
Attorneys for Defendant
One Battery Park Plaza – 32nd Floor
New York, New York  10004

CARNALL INSURANCE LLC a/k/a
FAIRFIELD COUNTY BANK INSURANCE SERVICES
Defendant
401 Main Street
Ridgefield , CT 06877

ALICE LARA-PIVETZ
Defendant
c/o CARNALL Insurance LLC
401 Main Street
Ridgefield, CT 06877

JEFF WELSCH
Defendant
c/o CARNALL Insurance LLC
401 Main Street

11

Ridgefield, CT 06877

EXHIBIT "A"



**TRAVELERS**

Wrap+℠
Coverage Application

Travelers Casualty and Surety Company of America
Hartford, Connecticut 06183

## A. COMMON SECTION

**NOTICE:** ALL LIABILITY COVERAGE PARTS FOR WHICH APPLICATION IS MADE APPLY, SUBJECT TO THEIR TERMS, ONLY TO "CLAIMS" FIRST MADE OR DEEMED MADE AGAINST "INSUREDS" DURING THE POLICY PERIOD OR ANY EXTENDED REPORTING PERIOD, IF APPLICABLE. THE LIMIT OF LIABILITY AVAILABLE TO PAY LOSSES WILL BE REDUCED BY THE AMOUNTS INCURRED AS "DEFENSE EXPENSES", AND "DEFENSE EXPENSES" WILL BE APPLIED AGAINST THE RETENTION AMOUNT. THE COMPANY HAS NO DUTY TO DEFEND ANY "CLAIM" UNLESS DUTY-TO-DEFEND COVERAGE HAS BEEN SPECIFICALLY PROVIDED HEREIN.

## GENERAL INFORMATION

The term "Applicant" means all corporations, organizations or other entities, including subsidiaries, proposed for this insurance.

| Agency | Code | Agent Name/License Number | Policy Number |
|--------|------|---------------------------|---------------|
| Carnall Insurance | | | |

**Applicant Information:**

Name of Applicant: Paraco Gas Corporation

Street Address: 800 Westchester Avenue, S604

City, State, Zip: Rye Brook, NY 10573

Website Address: www.paraco-gas.com

Description of Applicant's Operations: Propane Dealer

Year Applicant's Business Was Established: 1975

Does the Applicant now have tax exempt status under the United States Internal Revenue Code?   Yes ☐  No ☒

Is the Applicant a subsidiary of a foreign parent?   Yes ☐  No ☒

Does the Applicant currently file, or do they anticipate in the next 6 months filing, any documents with the Securities and Exchange Commission, or similar foreign authority regarding any equity or debt securities?   Yes ☐  No ☒

## CONTACT INFORMATION FOR RISK MANAGEMENT SERVICES

The policy for which this application is made includes Risk Management Plus+ Online℠, a loss prevention program. Please provide the name and contact information for the individuals responsible for overseeing Financial and Human Resource matters for access to the program. This service is not, and should not be, considered a substitute for competent legal counsel. Any recommendations should be reviewed with appropriate legal counsel before implementation.

HR Contact: Cathy Murphy    HR Contact Email: cmurphy@paraco-gas.com

Title:    HR Contact Phone: (914) 250-3730

Chief Financial Officer: Chuck Schwartz    CFO Contact Email: cschwartz@paraco-gas.com

Preferred Title:    CFO Contact Phone: (914) 250-3721

1.  Subsidiary Information and 50% or more owned joint ventures under management control:

| Name | % Owned | Year Started | Description of Operations | Entity Type* |
|------|---------|--------------|---------------------------|--------------|
| See attached - All wholly owned | % | | | |
| with same operation | % | | | |
| | % | | | |

*Entity Type:  FP = For-Profit (other than Partnership)   NP = Non-Profit   GP = General Partnership   LP = Limited Partnership   LLC = Limited Liability Company   To enter more information, please attach a separate page or an organization chart

2.  Locations of Applicants and number of employees* for each:

| State or Foreign Country | # of Locations | Full Time Employees | | Part Time Employees | |
|---|---|---|---|---|---|
| | | As of Date of Application | 12 Months Ago | As of Date of Application | 12 Months Ago |
| See attached | | | | | |
| | | | | | |
| | | | | | |

*Employees include Leased, Temporary, Seasonal and Volunteer Employees
To enter more information, please attach a separate page to this application

3.  Maximum number of employees at any one point during the previous 12 months for the following classifications (regardless of whether they are full or part time):

| Labor Unions | Independent Contractors | Temporary | Leased | Seasonal |
|---|---|---|---|---|
| | | | | |

4.  In the next 12 months (or during the past 24 months) is the Applicant contemplating (or has the Applicant completed or been in the process of completing) the following:

   a.  Any actual or proposed merger, acquisition, or divestiture?                    Yes ☒ No ☐
   b.  Any creation of a new business, subsidiary or division?                         Yes ☒ No ☐
   c.  Any registration for a public offering or a private placement of securities?   Yes ☐ No ☒
   d.  Any reorganization or arrangement with creditors under federal or state law?   Yes ☐ No ☒
   e.  Any branch, location, facility, office, or subsidiary closings, consolidations or layoffs?   Yes ☐ No ☒
   If any of the above questions were answered "Yes", please attach an explanation, including the timing, the essential terms of this event, arrangement, and the surrounding circumstances.

## FINANCIAL INFORMATION

Note:  Omit this section if the Applicant is required to submit a separate financial statement as directed by any Required Attachment section.

| Please indicate the following as it relates to the Applicant's fiscal year end (FYE): *(please indicate negative figures with "()" or "-", as appropriate)* | Most Recent FYE (Month/Year) / | Prior FYE (Month/Year) / |
|---|---|---|
| 1.  Current Assets | See Attached | |
| 2.  Total Assets | Financials | |
| 3.  Current Liabilities | | |
| 4.  Long Term Debt | | |
| 5.  Retained Earnings/Fund Balance (Accumulated Deficit/Fund Deficit) | | |
| 6.  Net Equity/Net Assets (Deficit Equity) | | |
| 7.  Revenues | | |
| 8.  Net Income (Net Loss) | | |
| 9.  Is the Applicant currently, or has it been in the past 24 months, in violation or has it amended any debt covenant? If "Yes", please attach an explanation | Yes ☐  No ☐ | |

## AUDITOR INFORMATION

Scope of CPA Financial Statement preparation:   Internal ☐   Compilation ☐   Review ☐   Audit ☒   None ☐
   1.  Has the Applicant changed outside auditors in the last three (3) years?
       If "Yes", please attach an explanation                                         Yes ☐  No ☐  N/A ☐
   2.  Have the outside auditors stated there are material weaknesses in the Applicant's systems of internal controls? If "Yes", please attach an explanation and provide the latest CPA letter to management and management's response.   Yes ☐  No ☒  N/A ☐
   3.  Has the Applicant implemented all material recommendations of the auditor?
       If "No", please attach an explanation                                          Yes ☒  No ☐  N/A ☐
   4.  Has any auditor issued a "going concern" opinion for the Applicant or any of its subsidiaries' financial statements during the past three (3) years? If "Yes", please attach an explanation   Yes ☐  No ☒  N/A ☐

## POLICY OPTIONS

1. What limit options would the Applicant like? (please select all that apply)

Individual Limits ☒      Liability Coverage Shared      Crime Coverage Aggregate      WRAP+ Aggregate Limit of
                          Limit of Liability ☐           Limit of Insurance ☐           Liability ☒

2. Does the Applicant's current D&O coverage include EPL coverage?          Yes ☒  No ☐  N/A ☐

3. What is the Applicant's preference for defense coverage?      Duty to Defend ☒      Reimbursement ☐

## CURRENT INSURANCE INFORMATION/REQUESTED INSURANCE TERMS

### LIABILITY COVERAGES

| Desired Liability Coverage | (a) Coverage Requested | (b) Requested Limit | (c) Requested Retention | (d) Coverage Currently Purchased | (e) Expiring Limit | (f) Expiring Retention | (g) Premium |
|---|---|---|---|---|---|---|---|
| Directors and Officers (D&O) | Yes ☒ No ☐ | $1,000,000.00 | $25,000.00 | Yes ☒ No ☐ | $1,000,000.00 | $25,000.00 | $ |
| | Requested Effective Date 10/24/09 | | Current Insurer – Chubb | | Date Coverage First Purchased | | |
| Employment Practices (EPL) | Yes ☒ No ☐ | $1,000,000.00 | $25,000.00 | Yes ☒ No ☐ | $1,000,000.00 | $25,000.00 | $ |
| | Requested Effective Date 10/24/09 | | Current Insurer – Chubb | | Date Coverage First Purchased | | |
| Fiduciary Liability | Yes ☒ No ☐ | $1,000,000.00 | $0.00 | Yes ☒ No ☐ | $1,000,000.00 | $0.00 | $ |
| | Requested Effective Date 10/24/09 | | Current Insurer – Chubb | | Date Coverage First Purchased | | |
| Miscellaneous Professional Liability | Yes ☐ No ☐ | $ | $ | Yes ☐ No ☐ | $ | $ | $ |
| | Requested Effective Date | | Current Insurer | | Date Coverage First Purchased | | Retroactive Date: |

1. With respect to the Liability Coverages currently purchased as indicated in column (d) above, and for which the Applicant is applying with this application, please answer the following question:

As of the Date the Applicant first purchased this Liability Coverage, were there any facts, circumstances, or situations which might have resulted in a claim being made against any insured?      Yes ☒  No ☐

If "Yes", please attach an explanation

(Not applicable if coverage first purchased and continuously maintained more than 3 years prior to this application date)

2. With respect to the Liability Coverages being applied for above, Liability for Coverages answered "No" in column (d) above:

Are there any facts, circumstances, or situations which could give rise to a claim under the Liability Coverage(s) for which the Applicant is applying? If "Yes", please attach an explanation      Yes ☐  No ☒

3. With respect to the Liability Coverages being applied for above, if Requested Limit of Liability in Column (b) exceeds the Expiring Limit of Liability in Column (e):

With respect to the higher limits requested, are there any facts, circumstances, or situations which could give rise to a claim under the Liability Coverage(s) for which the Applicant is applying?      Yes ☐  No ☒

If "Yes", please attach an explanation

*Without prejudice to any other rights and remedies of the Company, any claim arising from any facts or circumstances required to be disclosed is excluded from the proposed insurance.*

WFP-1001 (03-06)                                                                      Page 3 of 12

| Addendum to Page 3 of Travelers Wrap Application WFP-1001 - Paraco Gas Corp. | | |
|---|---|---|
| Claimant/Possible Claimant | D/O/L | Claim Detail |
| Margaret Antonson | 10/27/2008 | EPLi Claim - Age Discrimination - In Suite |
| Steven Kastel | Notice Only | EE Steve Kastel a Long Island employee was suspended due to a strong suspicion of misappropriation of funds. Possible EPLI Claim |
| Matthew McAvoy | Notice Only | EE being investigated for theft.  Possible termination that may give rise to an EPLI Claim |

## CRIME COVERAGES

| 1.  Desired Crime Coverage | Expiring Limit | Expiring Retention | Requested Limit | Requested Retention |
|---|---|---|---|---|
| Fidelity: Employee Theft | | | | |
| Fidelity: ERISA Fidelity | | | | |
| Fidelity: Employee Theft of Client Property | | | | |
| Forgery or Alteration | | | | |
| On Premises (Money, Securities and Other Property) | | | | |
| In Transit (Money, Securities and Other Property) | | | | |
| Money Orders and Counterfeit Money | | | | |
| Computer Crime | | | | |
| Funds Transfer Fraud | | | | |
| Personal Accounts Protection | | | | |
| Claim Expense | | | | |

Expiring Insurer:   ALREADY W TRAVELERS       Expiring Premium:    $

| 2.  Desired Kidnap and Extortion for Ransom Coverage | Expiring Limit | Expiring Retention | Requested Limit | Requested Retention |
|---|---|---|---|---|
| Yes ☐   No ☐ | | | | |

Expiring Insurer: _____       Expiring Premium:    $

## OTHER COVERAGES:

| Desired Identity Fraud Expense Reimbursement Coverage | | | | | | | |
|---|---|---|---|---|---|---|---|
| Requested Limit | $ | 1,000 | ☐ | $  5,000 | ☐ | $ 10,000 | ☐ | $  25,000 | ☐ |
| Requested Retention | $ | 0 | ☐ | $   100 | ☐ | $   250 | ☐ | |
| Expiring Limit | $ | | | | | | |
| Expiring Retention | $ | | | | | | |

*Contact information required to verify employment at time of claim.
Contact Name*: _____   Email: _____   Phone: _____

## LOSS INFORMATION

### FOR LIABILITY COVERAGES

Related to the requested Liability Coverage(s), has any person or entity proposed for this insurance been a party to any employment-related claims, ERISA claims, professional liability claims, securities claims, criminal actions, administrative or regulatory proceedings, charges, hearings, demands or lawsuits during the past three years including but not limited to, shareholder, creditor, antitrust, fair trade law, copyright or patent litigation, whether or not insured?   If "Yes", please complete the table below     Yes ☐   No ☐

*To the extent that any lawsuit or claim required to be disclosed in response to the question above constitutes a "Claim" as defined by the Policy, such claim was made prior to the policy period requested hereunder and therefore would be excluded from coverage.*

| Details | Amount Paid for Defense | Amount Paid for Damages | Covered by Insurance? | Corrective Procedures Implemented |
|---|---|---|---|---|
| | $ | $ | Yes ☐   No ☐ | |
| | $ | $ | Yes ☐   No ☐ | |

FOR CRIME, KIDNAP AND EXTORTION FOR RANSOM AND IDENTITY FRAUD EXPENSE
REIMBURSEMENT COVERAGES

Has the Applicant incurred any Crime, Kidnap and Extortion for Ransom or Identity Fraud Expense Reimbursement related losses or incidents during the past three years?        Yes ☐    No ☐
If "Yes", please complete the table below

*To the extent that any loss, incident or expense is required to be disclosed in response to the question above and such loss, incident or expense was "Discovered", as defined by these Coverages, prior to the policy period requested hereunder, such loss, incident or expense is excluded under these Coverages.*

| Date of Loss | Amount of Loss | Description of Loss | Corrective Procedures Implemented |
|---|---|---|---|
| | $ | | |
| | $ | | |
| | $ | | |

## PRIVATE DIRECTORS & OFFICERS COVERAGE PART

| NOTICE: | Private Company Directors & Officers Liability policies typically include Employment Practices Liability Coverage.  If the Applicant desires Employment Practices Liability Coverage, please complete and attach the Employment Practices Liability Coverage Application with this application.  The application below only pertains to the Private Company Directors & Officers Liability Coverage. |
|---|---|

## SHAREHOLDER INFORMATION

| 1.   Total Shares | Common | Preferred | Other |
|---|---|---|---|
| Authorized | 200 | | |
| Outstanding | 10 ? | | |
| Voting Shares Outstanding | 10 | | |
| Voting Shares Owned by Directors & Officers (Direct & Beneficial) | 10 | | |
| Number of Voting Shareholders | 10 | | |

If there are multiple classes of stock, please attach a list.  The list should include: Number of Shareholders and Number of Shares Held in Each Stock Class

2.   Does the Charter or By-laws of the Organization provide indemnification to its Directors and Officers to the fullest extent permitted by law?                                      Yes ☐   No ☑

3.   Are there any securities that are convertible to voting stock?  If "Yes", please attach an explanation       Yes ☐   No ☑

4.   Please list all shareholders that own greater than 5% of any class of security:

| Shareholder | Class of Security | % Owned | Director or Officer? |
|---|---|---|---|
| SEE  ATTACHED | | % | Yes ☐   No ☐ |
| | | % | Yes ☐   No ☐ |
| | | % | Yes ☐   No ☐ |
| | | % | Yes ☐   No ☐ |
| | | % | Yes ☐   No ☐ |

If there are more shareholders, please attach a list.  The list should include: Shareholder Name, Class of Security, % Owned and indicate if they are a Director or Officer

5.   Is any shareholder a trust that qualifies as an Employee Stock Ownership Plan under ERISA or holds securities for the benefit of employees?  If "Yes", please attach most recent stock valuation report       Yes ☐   No ☑

6.   Have there been any changes in the Board of Directors or Senior Management of the Applicant within the past three (3) years for reasons other than death or retirement?       Yes ☐   No ☑
If "Yes", please attach an explanation

7.   Are there currently outstanding loans to any director or officer?       Yes ☐   No ☑
If "Yes", please attach an explanation

## REQUIRED ATTACHMENTS – PRIVATE D&O

As part of this Application, submit the following documents with respect to the Applicant:

- Most recent annual financial statement, if limit requested is greater than $1,000,000 cr, Applicant has been in business less than 3 years.
- List of Directors & Officers, if limit requested is greater than $1,000,000
- Any Private Placement Memorandum(s) or any documents filed with the Securities and Exchange Commission in the past year
- Interim financial statement for Development Stage companies

### EMPLOYMENT PRACTICES LIABILITY COVERAGE PART

(Please provide the following turnover figures for each of the last (three) years)   July 31

| | 20 07 | 20 08 | 20 09 |
|---|---|---|---|
| Voluntary Terminations | 12 | 19 | 17 |
| Involuntary Terminations | 23 | 37 | 28 |
| Layoffs | 4 | 10 | 8 |

Number of employees compensated less than $50,000 annually:   155

Number of employees compensated more than $100,000 annually:   11

### HUMAN RESOURCES

1. Does the Applicant have a Human Resources (HR) department?   Yes ☒  No ☐
   Number of HR employees:

2. Are individuals who handle human resources functions, both in HR department and locally, formally trained on HR matters?   Yes ☒  No ☐

3. Does the Applicant have an employee handbook which has been reviewed by legal counsel?   Yes ☒  No ☐

4. Does the Applicant utilize an employment application?   Yes ☒  No ☐

5. Does the employment application or employee handbook contain "Employment at Will" language?   Yes ☒  No ☐

6. Does the employment application contain an "Equal Employment Opportunity" statement?   Yes ☒  No ☐

7. Please indicate whether the Applicant has formal written policies and procedures related to the following and indicate whether employees sign and acknowledge receipt and understanding:   EE HANDBOOK

| | | Receipt Acknowledged | |
|---|---|---|---|
| Zero Tolerance Sexual Harassment | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Discrimination | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Equal Opportunity | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Disabled Employees and Accommodations | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Grievance Procedures | Yes ☑ No ☐  UNION | ONLY | Yes ☑ No ☐ |
| Pregnancy Leave/FMLA | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Employee Discipline | Yes ☑ No ☐ | Yes ☑ No ☐ |
| Annual Written Performance Evaluation | Yes ☑ No ☐ | |

8. Have the above policies and procedures been reviewed by legal counsel within the past 24 months?  7/07   Yes ☐  No ☒

9. With respect to employee terminations, does the Applicant consult with legal counsel or Human Resources personnel prior to every termination?   Yes ☑  No ☐
   If "No", please attach an explanation describing your procedures

10. Please indicate whether the Applicant conducts human resources training, including sexual harassment training for managers and supervisors?   Yes ☑  No ☐

11. What percent of the Applicant's revenue is derived from being a Federal Contractor?   ~ 0 ~  %

12. Is Applicant a:   General Contractor ☐   Subcontractor ☐
    If General Contractor, what percentage of jobs require Subcontractors?   N/A  %

WFP-1001 (03-06)

Page 6 of 12

## REQUIRED ATTACHMENTS – EPLI

As part of this Application, submit the following documents with respect to the Applicant:

- Employee Handbook, if Applicant has 500 or more employees
- Most recent EEO-1 report, if Applicant has 1,000 or more employees
- Most recent annual financial statement, if policy limit requested is greater than $2,000,000
- Construction Supplemental Questionnaire, if Applicant is a contractor
- Third Party Supplemental Questionnaire, if Applicant requests this coverage option



## FIDUCIARY LIABILITY COVERAGE PART

| Premium to be Paid By: | Employer or Union ☒ | Trust or Plan ☐ |

Total Number of Plan Fiduciaries:

### PLAN DATA: (COMPLETE CHART FOR ALL PLANS FOR WHICH COVERAGE IS REQUESTED)

| Full Plan Name | *Plan Type | Current Asset Value | Latest FYE Annual Contributions | Current No. of Participants | **Plan Status |
|---|---|---|---|---|---|
| Parnco Gas & Affiliates – 401K Savings & Retirement Plan | DC | 5031,906 | 724,122 | 151 | A |
| | | | | | |
| | | | | | |
| | | | | | |

*Plan Type: Defined Benefit (DB)  Defined Contributions (DC)  ESOP (E) 9 01 Related Welfare Benefit Plan (W)  Other (O) – Attach Explanation
**Plan Status: (A)=Active  (F)=Frozen  (S)=Sold  (T)=Terminated (if any plan has been terminated, indicate date of termination)
List additional plans on a separate attachment

### PLAN UNDERWRITING QUESTIONS :

1. Is each plan reviewed periodically to assure there are no violations of ERISA (e.g., prohibited transactions or party-in-interest rules)? If "No", please attach an explanation    Yes ☒  No ☐

2. Does any plan (a) not conform to the standards of eligibility, participation, vesting, blackout notification requirements and other provisions of ERISA, or similar foreign laws; (b) hold employer securities or employer real property in violation of ERISA or in excess of ERISA limits; or (c) invest in or provide an option to invest in employer securities?  If "Yes", please attach an explanation    Yes ☐  No ☒

3. Has any plan (a) been the subject of an investigation by the DOL, IRS, or any similar foreign agency; (b) had its tax exempt status withdrawn or threatened to be withdrawn by the IRS; (c) experienced an event reportable to the PBGC; (d) filed for an exemption from a prohibited transaction; (e) received an adverse opinion as to its financial condition by an independent public accountant; or (f) not been certified by an actuary to be adequately funded in accordance with ERISA's minimum funding standard? If "Yes", please attach an explanation    Yes ☐  No ☒

4. Does the Applicant sponsor any Cash Balance Plans or does the Applicant anticipate the conversion to or has it ever convened a pension plan to a Cash Balance Plan?  If "Yes", please attach an explanation    Yes ☐  No ☒

5. Has any plan (a) been amended within the last 12 months in a way that will result in the reduction of benefits or are any such amendments anticipated within the next 12 months; or (b) been merged with another plan, terminated or sold within the past two years or anticipated in the next 12 months? If "Yes", please attach an explanation detailing whether a blackout period will result and any associated plans for implementation and disclosure to participants    Yes ☐  No ☒

6. Are there any outstanding or delinquent plan contributions or plan loans, leases or debt obligations that are in default or classified as uncollectible?  If "Yes", please attach an explanation    Yes ☐  No ☒

7. Does the employer, committee or employer representatives, or union board of trustees have final say over the determination of whether benefits will be paid under any healthcare plan sponsored by this insured? If "Yes", please attach an explanation identifying the names of such plans    Yes ☐  No ☑

Please provide name of firm(s) providing the following services:

| CPA | Attorney | Actuary | Investment Adviser |
|---|---|---|---|
| Eisner LLP | Oesterks Law Firm | NYS | Investor's Strategy |

## REQUIRED ATTACHMENTS – FIDUCIARY LIABILITY

- Sponsor financial statement if the Applicant maintains a defined benefit, self-funded welfare plan, an Employee Stock Ownership Plan or if the Applicant is a Church or Government or Quasi-Governmental entity
- Sponsor and plan financial statement for each defined contribution plan, if limit requested is greater than $5,000,000
- Plan financial statements for defined benefit plans and self insured welfare plans, if limit requested is greater than $1,000,000
- ESOP Questionnaire, if any plan is an ESOP or if any plan has 10% or more of plan assets invested in employer securities
- Most recent Form 5500 for each Union plan or Self Insured Welfare plan
- Schedule of plan trustees for each Union plan and any Church, Government or Quasi-Government plan

## E. MISCELLANEOUS PROFESSIONAL LIABILITY COVERAGE PART

1. Describe, in detail, all professional services offered by the Applicant:

| Professional Services | Coverage Desired? | % of Total Revenue | % of Revenue Sub-Contracted |
|---|---|---|---|
| | ☐ Yes ☒ No | % | % |
| | ☒ Yes ☐ No | % | % |
| | ☐ Yes ☐ No | % | % |

To enter more information, please attach a separate page to the application

2. Is a written contract or agreement required for each client?
   If "Yes", attach sample
   If "No", please attach an explanation detailing how responsibilities are defined between the Applicant and their Client          ☐ Yes ☐ No

3. Projected Revenue for the next 12 months: $

4. Does the Applicant provide any services over the Internet?  If "Yes", Please Attach an Explanation          ☐ Yes ☐ No

5. a. Number of Professionals/Principals/Officers _____   All other employees _____
   b. List the following information for all Principals/Partners, Officers, Professional Employees:

| Name | Title | Professional Designation | Numbers of Years Experience in Practice | Number of Years with the Applicant |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

To enter more information, please attach a separate page to the application

6. List all professional associations to which the Applicant belongs:

7.  Describe the Applicant's five largest projects or jobs during the past three years:

| Client Name | Services Rendered | Annual Revenue Derived from the Project or Job |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

8.  If subcontractors are used, does the Applicant require evidence of professional liability insurance?   ☐ Yes   ☐ No   ☐ N/A

## REQUIRED ATTACHMENTS – MPL

As part of this Application, submit the following documents with respect to the Applicant:

- Copies of standard contracts and engagement/proposal letter used with clients if policy limit requested is greater than $1,000,000
- Biographical sketches/resumes of all Principals, Partners, and key employees if in business less than three years
- Brochures, advertisements, or other descriptive literature about the Applicant firm, its operations, and activities (if not available on website)
- Most recent annual financial statement, if revenues exceed $7,000,000 or policy limit requested is greater than $3,000,000

## CRIME COVERAGE PART

1.  Are owners active in the day to day oversight of business operations?   Yes ☐  No ☐
2.  Does someone other than the person responsible for reconciling bank accounts:
    Make Deposits?  Yes ☐  No ☐   Make Withdrawals?  Yes ☐  No ☐   Sign Checks?   Yes ☐  No ☐
3.  Is countersignature of checks required?   Yes ☐  No ☐   If Yes, what is the dual signing limit?
4.  Is segregation of duties practiced in the following areas:
    Inventory management?   Yes ☐  No ☐   Cash receipts?   Yes ☐  No ☐
    Vendor approval?   Yes ☐  No ☐   Oversight of blank check stock?   Yes ☐  No ☐
    Purchase order approval and payment?   Yes ☐  No ☐   Retail checks and credit card receipts?   Yes ☐  No ☐
    Wire transfer receipts and payments   Yes ☐  No ☐
5.  Are all incoming checks stamped "for deposit only" immediately upon receipt?   Yes ☐  No ☐
6.  Is a physical count of inventory conducted at least annually?   Yes ☐  No ☐
7.  Are inventory records computerized?   Yes ☐  No ☐
8.  Are the duties of computer programmers and operators separated?   Yes ☐  No ☐
9.  Is dual authorization required for all wire transfers?   Yes ☐  No ☐  N/A ☐
10. Do you perform any of the following on candidates for new employment:
    Verification of Prior Employment?   Yes ☐  No ☐   Credit History?   Yes ☐  No ☐
    Drug Testing?   Yes ☐  No ☐   Criminal History?   Yes ☐  No ☐
    Education Verification?   Yes ☐  No ☐
11. Please indicate if you have or perform any of the following:
    Business Practices/Policies:
    Formal written business plan?   ☐   Code of Ethics?   ☐
    Fraud Policy?   ☐   Conflict of Interest Policy?   ☐
    Confidential hotline or procedure for employees to report violations in your policies?   ☐

    Physical Controls:
    Guards/Watchmen   ☐   Premises Alarm Systems   ☐
    Messengers   ☐   Controlled Premises Access   ☐
    Other protection   ☐

WFP-1001 (03-06)                                                          Page 9 of 12

## UNIQUE/SIGNIFICANT EXPOSURES

Please indicate any of the following characteristics or exposures that apply to your business operations:

| | | | |
|---|---|---|---|
| Precious Metals or Gemstones ☐ | Proprietary credit cards ☐ | Care, custody and control of clients' property | ☐ |
| High Unit, Portable Inventory ☐ | Employee credit cards ☐ | Active participation in more than one industry | ☐ |
| Managed Assets of Others ☐ | Computer chips ☐ | Art collection or other valuable collectibles | ☐ |
| Proprietary Trading Activity ☐ | Warehousing operations ☐ | None Applicable | ☐ |
| Joint Ventures ☐ | Narcotics ☐ | | |

*If you checked any of the characteristics or exposures above, please provide details that quantify the exposure and briefly describe the controls in place to protect you from loss in a separate attachment*

## REQUIRED ATTACHMENTS – CRIME

As part of this Application, submit the following documents with respect to the Applicant:
* Most recent annual financial statement, for limit requests of $5,000,000 or greater
* CPA Management Letter, if prepared, for limit requests of $5,000,000 or greater
* If coverage for Employee Theft of Client Property (Third Party Crime) is requested, submit Third Party Crime Supplemental Questionnaire.

## OPTIONAL EXCLUSION OF COVERAGE PART

1. Are any operations to be insured involved in the production of foodstuffs, beverages or pharmaceuticals (including toothpaste, mouthwash, etc.)? If "Yes", please attach an explanation    Yes ☐   No ☐

## FOREIGN EXPOSURE

*Please complete the following questions regarding foreign locations and travel.*

1. Do directors, officers or other employees of the Applicant take trips outside the United States and Canada?    Yes ☐   No ☐
   If "Yes", please provide travel information for the previous 12 months and upcoming 12 months

| Country | Number of Trips | Number of Individuals | Average Length of Trips |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

To enter more information, please attach a separate page to the application.

2. Are there any permanent foreign locations of the Applicant?    Yes ☐   No ☐
   If "Yes", please provide both the existing and anticipated foreign locations:

| Country | Type of Operation (i.e. Sales, Mfg.) | Number of Employees |
|---|---|---|
| | | |
| | | |
| | | |

To enter more information, please attach a separate page to the application.

3. Are any steps taken to ensure an Insured Person's safety when traveling outside the United States?    Yes ☐   No ☐
   If "Yes", please attach an explanation
4. Are any steps taken to ensure the safety of Insured Person(s) and Premises permanently located outside of the United States? If "Yes", please attach an explanation    Yes ☐   No ☐
5. Does the Applicant or any person(s) to be covered under this policy have knowledge or information of any specific fact which may reasonably give rise to a claim?    Yes ☐   No ☐
   If "Yes", please attach an explanation

## II.  SIGNATURE SECTION

THE UNDERSIGNED AUTHORIZED REPRESENTATIVE OF THE APPLICANT DECLARES THAT TO THE BEST OF HIS/HER KNOWLEDGE AND BELIEF, AFTER REASONABLE INQUIRY, THE STATEMENTS SET FORTH IN THE ATTACHED ST. PAUL TRAVELERS NEW BUSINESS OR RENEWAL APPLICATION FOR INSURANCE ARE TRUE AND COMPLETE AND MAY BE RELIED UPON BY ST. PAUL TRAVELERS. IF THE INFORMATION IN ANY APPLICATION CHANGES PRIOR TO THE INCEPTION DATE OF THE POLICY, THE APPLICANT WILL NOTIFY THE COMPANY OF SUCH CHANGES, AND THE COMPANY MAY MODIFY OR WITHDRAW ANY OUTSTANDING QUOTATION.   THE   COMPANY   IS   AUTHORIZED   TO   MAKE   INQUIRY   IN   CONNECTION   WITH   THIS APPLICATION.

THE SIGNING OF THIS APPLICATION DOES NOT BIND THE COMPANY TO OFFER, NOR THE APPLICANT TO PURCHASE, THE INSURANCE. IT IS AGREED THAT THIS APPLICATION, INCLUDING ANY MATERIAL SUBMITTED THEREWITH, SHALL BE THE BASIS OF THE INSURANCE AND SHALL BE: (1) IN VA AND UT, PHYSICALLY ATTACHED TO AND PART OF THE POLICY, IF ISSUED; AND (2) IN ALL STATES OTHER THAN VA AND UT, CONSIDERED PHYSICALLY ATTACHED TO AND PART OF THE POLICY, IF ISSUED. THE COMPANY WILL HAVE RELIED UPON THIS APPLICATION, INCLUDING ANY MATERIAL SUBMITTED IN CONNECTION WITH THE APPLICATION PROCESS, IN ISSUING THE POLICY.

ELECTRONICALLY REPRODUCED SIGNATURES WILL BE TREATED AS ORIGINAL.

*Attention: Insureds in AZ, CO, DC, FL, KY, LA, ME, NJ, NM, NY, OH, OK, PA, TN, and VA*
Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and may also be subject to a civil penalty.

*(In New York, the civil penalty is not to exceed five thousand dollars and the stated value of the claim for each such violation.)*

*(In Colorado, any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.)*

*(In Pennsylvania, any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information or concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.)*

*(In Washington, it is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insurance benefits.)*

Signature of Applicant's Authorized
Representative (President or CEO)   _____   Title: _____

Name (Printed): _____   Date: _____

Page 11 of 12

### ADDITIONAL INFORMATION

*This page may be used to provide additional information to any question on this application.  Please identify the Section and Question Number (e.g., Financial Information, #9).*

**IMPORTANT NOTICE REGARDING COMPENSATION DISCLOSURE**

For information about how Travelers compensates independant agents, brokers, or other insurance producers, please visit this website: www.travelers.com/w3c/legal/Producer_Compensation_Disclosure.html

If you prefer, you can call the following toll-free number: 1-866-904-8348. Or you can write to us at Travelers, Enterprise Development, One Tower Square, Hartford, CT 06183.

**PARAGO GAS CORPORATION**
**TRAVELERS D & O APPLICATION**

**B-4 SHAREHOLDER INFORMATION**

| | DIRECTOR OFFICER | CLASS A VOTING SHARES | CLASS B NON VOTING SARES | TOTAL | % OWNED |
|---|---|---|---|---|---|
| PAT ARMENTANO | YES | 5.71 | 1.29 | 7 | 6.9% |
| JOSEPH ARMENTANO | YES | 2.29 | 29.71 | 32 | 31.7% |
| JOHN ARMENTANO | YES | | 21 | 21 | 20.8% |
| ROBERT ARMENTANO | NO | | 16 | 16 | 15.8% |
| MICHAEL ARMENTANO | NO | | 10 | 10 | 9.9% |
| GRANDCHILDREN'S TRUST | NA | | 4 | 4 | 4.0% |
| TREASURY SHARES | NA | 2 | 9 | 11 | 10.9% |
| TOTAL | | 10 | 91 | 101 | 100.0% |

EXHIBIT "B"



Jason E Hull
300 Windsor Street
HARTFORD CT 06120
Phone : (860) 277-8911
Fax :
Email :  JEHULL@travelers.
com

October 2, 2009

Alice Pivetz
CARNALL INSURANCE LLC
PO BOX 969
RIDGEFIELD, CT  06877

RE: Insured Name :  Paraco Gas Corporation
    Travelers Policy :  Policy Change
       Product : Wrap+® Executive Liability Program

Dear   Alice Pivetz :

On behalf of Travelers Casualty and Surety Company of America we are pleased to provide the attached proposal of our Insurance Policy for your review.

This quotation is conditioned upon there being no material change in risk between the date of this letter and the inception date of the proposed coverage. In the event of such change, the Insurer may, at its sole discretion, modify or withdraw this quotation. The coverage offered hereunder may not be accepted after 30 days from the date of this letter.

Risk Management Plus+ Online® is automatically available for no additional cost with the purchase of any Employment Practices Liability, Fiduciary Liability, Directors & Officers Liability, Crime, Kidnap & Ransom, Identity Fraud or Professional Liability coverage from Bond & Financial Products. Risk Management Plus+ Online is a web-based platform where risk management information and services are quickly and easily accessed via the Internet. All information and services on Risk Management PLUS+ Online  are categorized, providing users with quick access to specific information and services. Risk Management PLUS+ Online is available 24 hours-a-day, seven-days-a-week, and updated frequently.

The Travelers Companies, Inc. (NYSE:TRV) is a leading provider of property casualty insurance and surety products and of risk management services to a wide variety of businesses and organizations and to individuals.Our products are distributed primarily through U.S. independent insurance agents and brokers. Travelers, a member of The Travelers Companies, Inc., is the second largest writer of auto and homeowners insurance through independent agents. The Travelers Companies, Inc. is headquartered in Saint Paul, Minn., with significant operations in Hartford, Conn. The company also has offices  in the U.K., Ireland and Canada.

Thank you for the opportunity to offer this insurance proposal. We look forward to discussing this opportunity with you further.


Sincerely,

Jason E Hull

QL001 (07-05)                                  Page 1 of 7

October 2, 2009
Paraco Gas Corporation
Policy Change

QUOTE: 1

Liability Coverages

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|---|---|---|---|---|---|---|
| Private D & O *(includes Investigative Expense Coverage)* | $1,000,000 | $0 | A.* B. $15,000 C. $15,000 | As Expiring | As Expiring | n/a |
| Investigative Expense Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL *(includes Third Party Coverage)* | $1,000,000 | $0 | $15,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $15,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

For Accounts domiciled in NY State ONLY:

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

Annual Reinstatement of Liability Coverage Limit of Liability :  Not Applicable

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

Premium and Term Options Quote : 1

October 2, 2009
Paraco Gas Corporation
Policy Change

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $12,210.00 | $0.00 | $0.00 | $12,210.00 | $16,373.00 |

Commission : 15.00%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

QUOTE: 2

Liability Coverages

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|---|---|---|---|---|---|---|
| Private D & O<br>(includes Investigative Expense Coverage) | $1,000,000 | $0 | A.*<br>B. $25,000<br>C. $25,000 | As Expiring | As Expiring | n/a |
| Investigative Expense  Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL<br>(includes Third Party Coverage) | $1,000,000 | $0 | $25,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $25,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

For Accounts domiciled in NY State ONLY:

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

Annual Reinstatement of Liability Coverage Limit of Liability : Not Applicable

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |

October 2, 2009
Paraco Gas Corporation
Policy Change

| | | |
|---|---|---|
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

**Premium and Term Options Quote : 2**

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $10,384.00 | $0.00 | $0.00 | $10,384.00 | $14,547.00 |

Commission : 15.00%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

QUOTE:3

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 |  |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

| ID Fraud Expense Reimbursement | Limit | Retention |
|---|---|---|
| ID Fraud | $10,000 | $0 |

**Premium and Term Options Quote : 3**

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $428.00 | $0.00 | $0.00 | $428.00 | $4,591.00 |

Commission : 15.00%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

October 2, 2009
Paraco Gas Corporation
Policy Change

**Important Notice Regarding Compensation Disclosure**

For information about how Travelers compensates independent agents, brokers, or other insurance producers, please visit this website: http://www.travelers.com/w3c/legal/Producer_Compensation_Disclosure.html

If you prefer, you can call the following toll-free number: 1-866-904-8348. Or you can write to us at Travelers, Enterprise Development, One Tower Square, Hartford, CT 06183.

### General Terms Applicable to All Quotes:

· Insuring Company : Travelers Casualty and Surety Company of America
· Liability Coverages are written on a Duty to Defend basis.
· Effective Date : 10/24/2009
· Policy Number : 105314295
· Extended Reporting Period : 12 Months at 75.00%.
· Run - Off Extended Reporting Period : NA
· Quote Expiration date : 30 days or the expiration date of current coverage, whichever is sooner.

### Endorsements Applicable to All Quotes:

**General Endorsements**

| Form | Description |
|---|---|
| ILT-1018 -0108 | Terrorism Letter |
| ILT-1070 -0309 | New York Timely Notice and Direct Action Endorsement |
| LIA-4038 -0705 | Notice for New York Applicants and Insureds |
| LIA-4043 -0306 | New York Changes |
| LIA-5031 -1107 | New York Cancellation and Nonrenewal |
| LIA-7092 -0606 | Timeframe to Provide Notice of Claim |
| LIA-7111 -0806 | Amend Insured Organization (Debtor in Possession) |
| LIA-7121 -1006 | Amend Conditions (Application) |
| LIA-7159 -0307 | Amend Acquisitions Provision (35%) |
| LIA-7183 -0108 | Cap on Losses From Certified Acts of Terrorism Endorsement |
| LIA-7216 -0308 | Amend Settlement Condition |
| LIA-7217 -0308 | Non-Rescindability Endorsement |

**Crime Endorsements**

| Form | Description |
|---|---|
| CRI-3001 -0705 | Crime Terms And Conditions Policy |
| CRI-5033 -0808 | New York Cancellation or Termination |
| CRI-7016 -0705 | Declarations Correction/Change Endorsement |

### Contingencies Applicable to All Quotes :

This quote is contingent on the acceptable underwriting review of the following information prior to the quotation expiration date.

1    Please have President/CEO sign and date the application

October 2, 2009
Paraco Gas Corporation
Policy Change

2    Please provide the claimant name, and complete loss information on the application

Endorsements Applicable to Quote 1:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 1)

General Endorsements

| Form | Description |
|------|-------------|
| LIA-3001 -0705 | Liability Coverage Terms and Conditions Policy |
| LIA-7020 -0705 | Specific Circumstance Exclusion |
| LIA-7023 -0705 | Specific Claimant Exclusion |

EPL Endorsements

| Form | Description |
|------|-------------|
| EPL-3001 -0705 | EPL Policy |
| EPL-4010 -0306 | New York Changes |
| EPL-7017 -0106 | Defense Only Claim Endorsement |
| EPL-7049 -0107 | Mid-Term Change - Add EPL (Add to Single Non-Liability Coverage Policy) |

Fiduciary Endorsements

| Form | Description |
|------|-------------|
| FRI-3001 -0705 | Fiduciary Liability Policy |
| FRI-4010 -0306 | New York Changes |
| FRI-7016 -0106 | Defense Only Claim Endorsement |
| FRI-7051 -0107 | Mid-Term Change - Add Frip (Add to Single Non-Liability Coverage Policy) |

Private D&O Endorsements

| Form | Description |
|------|-------------|
| PDO-3001 -0705 | Private Directors and Officers Liability Policy |
| PDO-4010 -0306 | New York Changes |
| PDO-7001 -0705 | Ownership Percentage Exclusion |
| % of the Named Insured | 5% |
| PDO-7021 -0106 | Defense Only Claim Endorsement |
| PDO-7076 -0107 | Mid-Term Change - Add D&O Private (Add to Single Non-Liability Coverage Policy) |

Endorsements Applicable to Quote 2:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 2)

General Endorsements

| Form | Description |
|------|-------------|
| LIA-3001 -0705 | Liability Coverage Terms and Conditions Policy |

QL001 (07-05)                                    Page 6 of 7

October 2, 2009
Paraco Gas Corporation
Policy Change

| | |
|---|---|
| LIA-7020 -0705 | Specific Circumstance Exclusion |
| LIA-7023 -0705 | Specific Claimant Exclusion |

**EPL Endorsements**

| Form | Description |
|---|---|
| EPL-3001 -0705 | EPL Policy |
| EPL-4010 -0306 | New York Changes |
| EPL-7017 -0106 | Defense Only Claim Endorsement |
| EPL-7049 -0107 | Mid-Term Change - Add EPL (Add to Single Non-Liability Coverage Policy) |

**Fiduciary Endorsements**

| Form | Description |
|---|---|
| FRI-3001 -0705 | Fiduciary Liability Policy |
| FRI-4010 -0306 | New York Changes |
| FRI-7016 -0106 | Defense Only Claim Endorsement |
| FRI-7051 -0107 | Mid-Term Change - Add Frip (Add to Single Non-Liability Coverage Policy) |

**Private D&O Endorsements**

| Form | Description |
|---|---|
| PDO-3001 -0705 | Private Directors and Officers Liability Policy |
| PDO-4010 -0306 | New York Changes |
| PDO-7001 -0705 | Ownership Percentage Exclusion |
| *% of the Named Insured* | *5%* |
| PDO-7021 -0106 | Defense Only Claim Endorsement |
| PDO-7076 -0107 | Mid-Term Change - Add D&O Private (Add to Single Non-Liability Coverage Policy) |

**Endorsements Applicable to Quote 3:**

**(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 3)**

**ID Fraud Endorsements**

| Form | Description |
|---|---|
| IDF-3001 -0705 | Identity Fraud Expense Reimbursement Terms and Conditions Policy |
| IDF-7005 -0506 | Identity Theft Resolution Services |
| IDF-7007 -0107 | Mid-Term Change - To Add ID Fraud (Add to Single Coverage or Multi-Coverage Pol) |



## IMPORTANT NOTICE TO AGENTS OR BROKERS -
## NOTIFICATION REQUIREMENTS UNDER THE
## TERRORISM RISK INSURANCE ACT OF 2002

Dear Agent or Broker:

In order that Travelers may fulfill its requirements under the Terrorism Risk Insurance Act of 2002, as amended, and to protect you from any errors or omissions exposure, it is important that the attached "Disclosure Notice - Terrorism Risk Insurance Act of 2002" (ILT-1066 Ed. 1-08) is delivered with the new or renewal quote for this account.

Delivery may be accomplished in a variety of ways, including U.S. Mail, express mail, fax, or in person.

We appreciate your cooperation.

Sincerely,

The Travelers Companies, Inc.

# DISCLOSURE NOTICE -
# TERRORISM RISK INSURANCE ACT OF 2002

On December 26, 2007, the President of the United States signed into law amendments to the Terrorism Risk Insurance Act of 2002 (the "Act"), which, among other things, extend the Act and expand its scope. The Act establishes a program under which the Federal Government may partially reimburse "Insured Losses" (as defined in the Act) caused by "acts of terrorism". An "act of terrorism" is defined in Section 102(l) of the Act to mean any act that is certified by the Secretary of the Treasury - in concurrence with the Secretary of State and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States Mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

The Federal Government's share of compensation for Insured Losses is 85% of the amount of Insured Losses in excess of each Insurer's statutorily established deductible, subject to the "Program Trigger", (as defined in the Act). In no event, however, will the Federal Government or any Insurer be required to pay any portion of the amount of aggregate Insured Losses occurring in any one year that exceeds $100,000,000,000, provided that such Insurer has met its deductible. If aggregate Insured Losses exceed $100,000,000,000 in any one year, your coverage may therefore be reduced.

Please note that no separate additional premium charge has been made for the terrorism coverage required by the Act. The premium charge that is allocable to such coverage is inseparable from and imbedded in your overall premium, and does not include any charge for the portion of losses covered by the Federal Government under the Act. The charge is no more than one percent of your premium.

**rafferty**

| | |
|---|---|
| **From:** | Lara, Alice <alice.lara@FCBins.com> |
| **Sent:** | Monday, October 19, 2009 9:02 AM |
| **To:** | Welsch, Jeff |
| **Subject:** | FW: Paraco Gas Corporation - Policy Change Quote |
| **Attachments:** | Paraco_Gas_Corporation_QUOTE_LETTER.pdf; |
| | Paraco_Gas_Corporation_SPECIMEN_ENDORSEMENTS.pdf |

Please see Travelers highlights below.

Alice Lara-Pivetz
Account Manager
*Carnall Insurance now Fairfield County Bank Insurance Services*
401 Main Street
P. O. Box 989
Ridgefield, CT  06877
203-894-3145 (Direct Line)
203-431-8789 (Fax)
alice.lara-pivetz@fcbins.com
www.fcbins.com

As a full-service insurance brokerage firm, Fairfield County Bank Insurance Services can fulfill your coverage needs with individually-tailored protection plans for all your Business, Personal, Benefits, Health, & Life needs.  If we are not currently writing these coverages, we welcome the opportunity to provide you with competitive proposals.

NOTICE:  The information in this email and in any attachment(s) is confidential. It is for the sole use of the intended recipient(s) and may contain privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. All insurance coverage(s) are dictated by terms of the applicable policies, and coverage(s) cannot be added, changed or deleted via email. While attachments are virus checked, Fairfield County Bank Insurance Services does not accept any liability with respect to any virus, which is not detected.

**From:** Hull,Jason E [mailto:JEHULL@travelers.com]
**Sent:** Friday, October 02, 2009 11:26 AM
**To:** Pivetz, Alice
**Subject:** Paraco Gas Corporation - Policy Change Quote

Alice,

I am pleased to present three different options for the above reference account. The first option has the limits as requested but with a 15k retention. The second quote matches Chubb expiring policy and the third option includes ID fraud.

Please note I've added the following enhancement endorsements to help strengthen our policy

LIA-7092 – Time Frame to Provide Notice of Claim –amends Extended Reporting Period and Run-Off Extended Reporting Period to include 90 days
LIA-7111 – Amend Definition of Insured Organization (Debtor in Possession) –adds debtor in possession as an insured
LIA-7121 – Amend Conditions (Application) – amends conditions to remove the "specific application" requirement from the acquisition language
LIA-7159 - Amend Acquisitions Provision (35%) – amends acquisition threshold from 25% of assets to 35% of assets

1

LIA-7216 - Amend Settlement Clause – amends settlement from 70% insurer and 30% insured to 80% insurer and 20% insured
LIA-7217 – Non-Rescindability – knowledge of one person is not imputed to another person

I was not able to include the NAISO endorsement (the cyber liability endorsement) because it has not been approved in the state of NY yet.

If you have any questions please don't hesitate to contact me.

Best regards,

Jason

---

**TRAVELERS**

Jason E. Hull I Underwriter I Private & Non-Profit I Bond & Financial Products
300 Windsor Street, Hartford, CT 06120

Telephone: (860) 277-8911 I Facsimile: (800) 851-1312 I Email: jehull@travelers.com

Please consider the environment before printing this email.

**Wrap+® for Private Companies** - Applications, Sample Policies, Marketing Materials
**Wrap+® for Non-Profit Organizations** - Applications, Sample Policies, Marketing Materials

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

EXHIBIT "D"



Jason E Hull
300 Windsor Street
HARTFORD CT 06120
Phone : (860) 277-8911
Fax :
Email : JEHULL@travelers.
com

October 20, 2009

Alice Pivetz
CARNALL INSURANCE LLC
PO BOX 969
RIDGEFIELD, CT  06877

RE: Insured Name :  Paraco Gas Corporation
       Travelers Policy : Policy Change
       Product : Wrap+® Executive Liability Program

Dear   Alice Pivetz :

On behalf of Travelers Casualty and Surety Company of America we are pleased to provide the attached proposal of our insurance Policy for your review.

This quotation is conditioned upon there being no material change in risk between the date of this letter and the inception date of the proposed coverage. In the event of such change, the Insurer may, at its sole discretion, modify or withdraw this quotation. The coverage offered hereunder may not be accepted after 30 days from the date of this letter.

Risk Management Plus+ Online® is automatically available for no additional cost with the purchase of any Employment Practices Liability, Fiduciary Liability, Directors & Officers Liability, Crime, Kidnap & Ransom, Identity Fraud or Professional Liability coverage from Bond & Financial Products. Risk Management Plus+ Online is a web-based platform where risk management information and services are quickly and easily accessed via the Internet. All information and services on Risk Management PLUS+ Online  are categorized, providing users with quick access to specific information and services. Risk Management PLUS+ Online is available 24 hours-a-day, seven days-a-week, and updated frequently.

The Travelers Companies, Inc. (NYSE:TRV) is a leading provider of property casualty insurance and surety products and of risk management services to a wide variety of businesses and organizations and to individuals.Our products are distributed primarily through U.S. independent insurance agents and brokers. Travelers, a member of The Travelers Companies, Inc., is the second largest writer of auto and homeowners insurance through independent agents. The Travelers Companies, Inc. is headquartered in Saint Paul, Minn., with significant operations in Hartford, Conn. The company also has offices  in the U.K., Ireland and Canada.

Thank you for the opportunity to offer this insurance proposal. We look forward to discussing this opportunity with you further.

Sincerely,

Jason E Hull

October 20, 2009
Paraco Gas Corporation
Policy Change

QUOTE: 1

Liability Coverages

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|---|---|---|---|---|---|---|
| Private D & O (includes Investigative Expense Coverage) | $1,000,000 | $0 | A.* B. $25,000 C. $25,000 | As Expiring | As Expiring | n/a |
| Investigative Expense Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL (includes Third Party Coverage) | $1,000,000 | $0 | $25,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $25,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

For Accounts domiciled in NY State ONLY:

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

Annual Reinstatement of Liability Coverage Limit of Liability :  Not Applicable

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

Premium and Term Options Quote : 1

October 20, 2009
Paraco Gas Corporation
Policy Change

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|------|--------------|---------|-------|------------|---------------|--------------------|
| Transactional | Prepaid | $10,481.00 | $0.00 | $0.00 | $10,481.00 | $14,644.00 |

Commission : 17.50%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

QUOTE:2

Liability Coverages

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|----------|--------|---------------------------|------------|------------|-----------------|-------|
| Private D & O (includes Investigative Expense Coverage) | $1,000,000 | $0 | A.* B. $25,000 C. $25,000 | As Expiring | As Expiring | n/a |
| Investigative Expense Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL (includes Third Party Coverage) | $1,000,000 | $0 | $25,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $25,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

For Accounts domiciled in NY State ONLY:

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

**Additional Defense Limit Shared among All Liability Coverages : $1,000,000**

**Annual Reinstatement of Liability Coverage Limit of Liability : Not Applicable**

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|----------|--------------------|-----------| 
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |

October 20, 2009
Paraco Gas Corporation
Policy Change

| | | |
|---|---|---|
| G - Funds Transfer | $500,000 | $20,000 |
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

Premium and Term Options Quote : 2

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $13,048.00 | $0.00 | $0.00 | $13,048.00 | $17,211.00 |

Commission : 17.50%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

QUOTE:3

Liability Coverages

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|---|---|---|---|---|---|---|
| Private D & O (Includes Investigative Expense Coverage) | $2,000,000 | $0 | A.* B. $35,000 C. $35,000 | As Expiring | As Expiring | n/a |
| Investigative Expense Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL (includes Third Party Coverage) | $2,000,000 | $0 | $25,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $25,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

For Accounts domiciled in NY State ONLY:

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

Annual Reinstatement of Liability Coverage Limit of Liability : Not Applicable

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |

October 20, 2009
Paraco Gas Corporation
Policy Change

| | | |
|---|---|---|
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |
| H1 – Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

**Premium and Term Options Quote : 3**

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $15,813.00 | $0.00 | $0.00 | $15,813.00 | $19,976.00 |

**Commission : 17.50%**

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

**QUOTE:4**

**Liability Coverages**

| Coverage | Limits | Additional Defense Limits | Retentions | Continuity | Prior & Pending | Retro |
|---|---|---|---|---|---|---|
| Private D & O *(includes Investigative Expense Coverage)* | $2,000,000 | $0 | A.* B. $35,000 C. $35,000 | As Expiring | As Expiring | n/a |
| Investigative Expense  Sublimit | $100,000 | | | | | |
| Additional Limit for Supplemental Personal Indemnification | $500,000 | | | | | |
| EPL *(includes Third Party Coverage)* | $2,000,000 | $0 | $25,000 | As Expiring | As Expiring | n/a |
| Third Party Sublimit | Included | | $25,000 | As Expiring | As Expiring | |
| Fiduciary | $1,000,000 | $0 | | As Expiring | As Expiring | n/a |
| Insured Settlement/Defense Fees | | | $0 | | | |

**For Accounts domiciled in NY State ONLY:**

*A: $5,000.00 for each Insured Person for each Claim under Insuring Agreement A; not to exceed $50,000.00.

Private D&O Coinsurance by Insureds is 0.50% of the first $1,000,000 in Loss in excess of the Applicable retention

**Additional Defense Limit Shared among All Liability Coverages : $1,000,000**

October 20, 2009
Paraco Gas Corporation
Policy Change

Annual Reinstatement of Liability Coverage Limit of Liability :  Not Applicable

Other Coverages

| Fidelity | Single Loss Limits | Retentions |
|---|---|---|
| A1 - Employee Theft | $500,000 | $20,000 |
| A2 - ERISA | $500,000 | |
| B - Forgery | $500,000 | $20,000 |
| C - On Premises | $500,000 | $20,000 |
| D - In Transit | $500,000 | $20,000 |
| E - Money Order & CC | $500,000 | $20,000 |
| F1 - Computer Fraud | $500,000 | $20,000 |
| F2 - Computer Restoration | $100,000 | $1,000 |
| G - Funds Transfer | $500,000 | $20,000 |
| H1 - Personal Accts | $500,000 | $20,000 |
| I - Claim Expense | $5,000 | $0 |

Premium and Term Options Quote : 4

| Term | Payment Type | Premium | Taxes | Surcharges | Total Premium | Total Term Premium |
|---|---|---|---|---|---|---|
| Transactional | Prepaid | $17,870.00 | $0.00 | $0.00 | $17,870.00 | $22,033.00 |

Commission : 17.50%

It is the agent's or broker's responsibility to comply with any applicable laws regarding disclosure to the policy holder of commission or other compensation we pay, if any, in connection with this policy or program.

Important Notice Regarding Compensation Disclosure

For information about how Travelers compensates independent agents, brokers, or other insurance producers, please visit this website: http://www.travelers.com/w3c/legal/Producer_Compensation_Disclosure.html

If you prefer, you can call the following toll-free number: 1-866-904-8348.  Or you can write to us at Travelers, Enterprise Development, One Tower Square, Hartford, CT 06183.

Coverage Disclaimer:
THIS QUOTE DOES NOT AMEND, OR OTHERWISE AFFECT, THE PROVISIONS OF COVERAGE OF ANY RESULTING INSURANCE POLICY ISSUED BY TRAVELERS.  IT IS NOT A REPRESENTATION THAT COVERAGE DOES OR DOES NOT EXIST FOR ANY PARTICULAR CLAIM OR LOSS UNDER ANY SUCH POLICY.  COVERAGE DEPENDS ON THE APPLICABLE PROVISIONS OF THE ACTUAL POLICY ISSUED, THE FACTS AND CIRCUMSTANCES INVOLVED IN THE CLAIM OR LOSS AND ANY APPLICABLE LAW.

General Terms Applicable to All Quotes:
· Insuring Company : Travelers Casualty and Surety Company of America
· Liability Coverages are written on a Duty to Defend basis.
· Effective Date : 10/24/2009
· Policy Number : 105314295

October 20, 2009
Paraco Gas Corporation
Policy Change

· Extended Reporting Period : 12 Months at 75.00%.
· Run - Off Extended Reporting Period : NA
· Quote Expiration date : 30 days or the expiration date of current coverage, whichever is sooner.

**Endorsements Applicable to All Quotes:**

General Endorsements

| Form | Description |
|------|-------------|
| ILT-1018 -0108 | Terrorism Letter |
| ILT-1070 -0309 | New York Timely Notice and Direct Action Endorsement |
| LIA-3001 -0705 | Liability Coverage Terms and Conditions Policy |
| LIA-4038 -0705 | Notice for New York Applicants and Insureds |
| LIA-4043 -0306 | New York Changes |
| LIA-5031 -1107 | New York Cancellation and Nonrenewal |
| LIA-7092 -0606 | Timeframe to Provide Notice of Claim |
| LIA-7111 -0806 | Amend Insured Organization (Debtor in Possession) |
| LIA-7121 -1006 | Amend Conditions (Application) |
| LIA-7159 -0307 | Amend Acquisitions Provision (35%) |
| LIA-7183 -0108 | Cap on Losses From Certified Acts of Terrorism Endorsement |
| LIA-7216 -0308 | Amend Settlement Condition |
| LIA-7217 -0308 | Non-Rescindability Endorsement |

EPL Endorsements

| Form | Description |
|------|-------------|
| EPL-3001 -0705 | EPL Policy |
| EPL-4010 -0306 | New York Changes |
| EPL-7017 -0106 | Defense Only Claim Endorsement |
| EPL-7049 -0107 | Mid-Term Change - Add EPL (Add to Single Non-Liability Coverage Policy) |

Fiduciary Endorsements

| Form | Description |
|------|-------------|
| FRI-3001 -0705 | Fiduciary Liability Policy |
| FRI-4010 -0306 | New York Changes |
| FRI-7016 -0106 | Defense Only Claim Endorsement |
| FRI-7051 -0107 | Mid-Term Change - Add Frip (Add to Single Non-Liability Coverage Policy) |

Crime Endorsements

| Form | Description |
|------|-------------|
| CRI-7016 -0705 | Declarations Correction/Change Endorsement |

Private D&O Endorsements

October 20, 2009
Paraco Gas Corporation
Policy Change

| Form | Description |
|---|---|
| PDO-3001 -0705 | Private Directors and Officers Liability Policy |
| PDO-4010 -0306 | New York Changes |
| PDO-7021 -0106 | Defense Only Claim Endorsement |
| PDO-7076 -0107 | Mid-Term Change – Add D&O Private (Add to Single Non-Liability Coverage Policy) |

### Contingencies Applicable to All Quotes :

This quote is contingent on the acceptable underwriting review of the following information prior to the quotation expiration date.

1   Please have President/CEO sign and date the application
2   Please provide the claimant name, and complete loss information on the application

---

### Endorsements Applicable to Quote 1:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 1)

General Endorsements

| Form | Description |
|---|---|
| LIA-7020 -0705 | Specific Circumstance Exclusion |
| LIA-7023 -0705 | Specific Claimant Exclusion |

Private D&O Endorsements

| Form | Description |
|---|---|
| PDO-7001 -0705 | Ownership Percentage Exclusion |
| *% of the Named Insured* | *5%* |

### Endorsements Applicable to Quote 2:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 2)

General Endorsements

| Form | Description |
|---|---|
| LIA-7002 -0705 | Additional Defense Coverage Aggregate Limit of Liability |
| LIA-7020 -0705 | Specific Circumstance Exclusion |
| LIA-7023 -0705 | Specific Claimant Exclusion |

Crime Endorsements

| Form | Description |
|---|---|
| CRI-3001 -0705 | Crime Terms And Conditions Policy |
| CRI-5033 -0808 | New York Cancellation or Termination |

Private D&O Endorsements

October 20, 2005
Paraco Gas Corporation
Policy Change

| Form | Description |
|------|-------------|
| PDO-7001 -0705 | Ownership Percentage Exclusion |
| *% of the Named Insured* | *5%* |

### Endorsements Applicable to Quote 3:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 3)

Crime Endorsements

| Form | Description |
|------|-------------|
| CRI-3001 -0705 | Crime Terms And Conditions Policy |
| CRI-5033 -0808 | New York Cancellation or Termination |

### Endorsements Applicable to Quote 4:

(Please refer to the Endorsements Applicable to All Quotes section for additional endorsements applicable to quote 4)

General Endorsements

| Form | Description |
|------|-------------|
| LIA-7002 -0705 | Additional Defense Coverage Aggregate Limit of Liability |
| LIA-7020 -0705 | Specific Circumstance Exclusion |
| LIA-7023 -0705 | Specific Claimant Exclusion |

Private D&O Endorsements

| Form | Description |
|------|-------------|
| PDO-7001 -0705 | Ownership Percentage Exclusion |
| *% of the Named Insured* | *5%* |

**THE PRECEDING OUTLINES THE COVERAGE FORMS, LIMITS OF INSURANCE, POLICY ENDORSEMENTS AND OTHER TERMS AND CONDITIONS PROVIDED IN THIS QUOTE. ANY POLICY COVERAGES, LIMITS OF INSURANCE, POLICY ENDORSEMENTS, COVERAGE SPECIFICATIONS, OR OTHER TERMS AND CONDITIONS THAT YOU HAVE REQUESTED THAT ARE NOT INCLUDED IN THIS QUOTE HAVE NOT BEEN AGREED TO BY TRAVELERS. PLEASE REVIEW THIS QUOTE CAREFULLY AND IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT YOUR TRAVELERS REPRESENTATIVE.**

**EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER (COMMERCIAL DIVISION)

ROBERT ARMENTANO, individually and on behalf of :
PARACO GAS CORPORATION and all other shareholders
similarly situated :

                      Plaintiff :

       vs. :

PARACO GAS CORPORATION, JOSEPH ARMENTANO :
and JOHN ARMENTANO

                  Defendants :

Index No.

13315-10

Date Purchased:
May 19, 2010

To the above named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer on the plaintiff's attorney within 20 days after the service of this summons,
exclusive of the date of service (or within 30 days after the service is completed if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Westchester County as the venue of trial because plaintiff and
individual defendants reside in Westchester County.

Dated:       North Salem, New York
            May 18, 2010

                        Jennifer D. Janelic, Esq.
                        Attorney for Plaintiff

                        By
                           Jennifer D. Janelic
                         2 Hardscrabble Road
                         North Salem, New York  10560
                         (914) 276-0490

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER (COMMERCIAL DIVISION)

ROBERT ARMENTANO, individually and on behalf of
PARACO GAS CORPORATION and all other shareholders
similarly situated

                                  Plaintiff

vs.

PARACO GAS CORPORATION, JOSEPH ARMENTANO
and JOHN ARMENTANO

                             Defendants

Index No.

13313-10

COMPLAINT

Plaintiff, Robert Armentano ("Plaintiff"), by and through his undersigned attorney,
Jennifer D. Janelle, alleges upon information and belief as follows: 

1.     Plaintiff is a natural person and resident of the County of Westchester, State of New
York, and was and still is a stockholder of 16 shares of Class B stock of Defendant Paraco Gas
Corporation ("Paraco").

2.     Defendant Paraco was and is a corporation duly organized and existing pursuant to the
laws of the State of New York, with an office and place of business at 800 Westchester Avenue,
Suite S604, Rye Brook, New York 10573.

3.     Defendant, Joseph Armentano ("Joseph Armentano") is a natural person, a resident of the
County of Westchester, State of New York, and the President, Chief Executive Officer and a
director of Paraco.

1

4.     Defendant, John Armentano ("John Armentano") is a natural person, a resident of the County of Westchester, State of New York and the Vice President of Business Development and a director of Paraco.

5.     Plaintiff brings this action as a stockholder of Paraco on behalf of himself and all other shareholders of Paraco similarly situated and in the right of Paraco.

<u>DERIVATIVE ACTIONS</u>

AS AND FOR A
<u>FIRST CAUSE OF ACTION</u>

6.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of this complaint with the same force and effect as if fully set forth herein.

7.     On or about February 16, 1968, (Patanas, Inc., the predecessor of Paraco was formed by Pat Armentano as a closely held family business. Paraco is currently the 13th largest propane distributor in the United States with approximately $100 Million in annual sales. There are currently 101 shares of Paraco issued, 10 Class A voting shares and 91 Class B non-voting shares. As of July 31, 2009, there were 2 Class A voting shares in Paraco's treasury and 9 Class B non-voting shares in Paraco's treasury. All shareholders, Class A and Class B, have an equitable interest proportionate to their share ownership in the treasury stock.

8.     It was the intention of Pat Armentano that his four sons, one of whom is Plaintiff, one of whom is Defendant Joseph Armentano and one of whom is Defendant John Armentano, would each eventually own an equal share of Paraco through various gifts, bequests and transfers.

9.     At all times herein relevant, Defendant Joseph Armentano owned a majority of shares issued and outstanding of Paraco. Defendant Joseph Armentano has been the President and

2

Chief Executive Officer of Paraco since approximately 1991. Defendant Joseph Armentano is a director and officer of Paraco.

10.   At all times herein relevant, Defendant John Armentano owned shares issued and outstanding of Paraco. Defendant John Armentano is a director and officer of Paraco.

11.   Defendants Joseph Armentano and John Armentano are currently the only officers and directors of Paraco. Up until his passing in February, 2010, Pat Armentano was the only other officer and director of Paraco.

12.   As directors and officers of Paraco, Defendants Joseph Armentano and John Armentano were and are fiduciaries with respect to the affairs of the corporation and the interests of Plaintiff in it, and had the duty (a) to administer the affairs of Paraco skillfully, fairly, diligently, carefully and honestly; (b) to act solely in the interest of Paraco and its shareholders and not in their own personal interests; (c) to safeguard and protect Paraco's assets and property; (d) not to waste or acquire for themselves any assets or property of Paraco; (e) not to favor their own interests illegally or improperly in the management of the affairs, property and assets of Paraco; (f) not to act deliberately in a manner which injures Plaintiff as a shareholder of Paraco; (g) not to acquire illegally for themselves any assets or property of Paraco; (h) to keep honest, accurate and correct accounts of all of Paraco's affairs, business and transactions; and (i) to perform diligently and faithfully all of the duties devolving upon them as officers and directors of Paraco; and the Plaintiff relied upon them to conduct themselves in accordance with those duties.

3

13.   As the majority shareholders of Paraco, defendants Joseph Armentano and John Armentano also owed a fiduciary duty to Plaintiff, and any other shareholders of Paraco, as minority shareholders of Paraco.

14.   On or about August 1, 2006, the Class A voting shareholders of Paraco, being Pat Armentano and Defendant Joseph Armentano, executed an Employment and Annual Stock Bonus Compensation plan to Defendant Joseph Armentano (the "Joseph Armentano Compensation Plan").

15.   Upon information and belief, Defendant Joseph Armentano has issued himself at least four (4) shares as part of that Compensation Plan. The Compensation Plan was backdated to become effective August 1, 2005.

16.   On or about August 1, 2008, the Class A voting shareholders of Paraco, being Pat Armentano and Defendant Joseph Armentano, executed an Employment and Annual Stock Bonus Compensation Agreement to Defendant John Armentano (the "John Armentano Compensation Plan").

17.   Upon information and belief, Defendant Joseph Armentano and John Armentano have issued Defendant John Armentano at least one (1) share as part of that Compensation Plan.

18.   Pursuant to the respective terms of the Joseph Armentano Compensation Plan and the John Armentano Compensation Plan, additional shares of Paraco will continue to be issued to Joseph Armentano and John Armentano from Paraco's treasury.

4

19.   By issuing treasury shares to Defendants Joseph and John Armentano, Plaintiff's interest in Paraco has been, and will continue to be, diluted as more shares are issued, while Defendants Joseph and John Armentano increase their interest in the corporation at the expense of Plaintiff.

20.   Such actions of Defendants Joseph and John Armentano and Paraco were taken without substantial business purpose and for the sole reason of diluting the shares of Plaintiff, and other similarly situated minority shareholders, by increasing the proportionate ownership interests of Defendants Joseph and John Armentano.

21.   Defendants did not give Plaintiff notice of the Joseph Armentano Compensation Plan authorizing the distribution of treasury shares in advance of the actions and otherwise concealed such actions from Plaintiff until the next annual meeting of the corporation held March 26, 2007.

22.   Defendants did not give Plaintiff notice of the John Armentano Compensation Plan authorizing the distribution of treasury shares in advance of the actions and otherwise concealed such actions from Plaintiff until Plaintiff requested a books and records inspection of the Corporation and received such records in 2009.

23.   The increase in the number of issued shares pursuant to the aforesaid resolution should be rescinded, and the stock so issued cancelled, with same to be deemed effective as from the time Defendants Joseph and John Armentano originally acquired the stock, so as to restore Plaintiff and Defendants to the positions they should occupy had the shares of Paraco not been so issued in the manner described above in contravention of Plaintiff's rights.

24.   In the circumstances, no demand has been made on the board of directors of Paraco to bring an action for relief appropriate to the facts alleged, inasmuch as Pat Armentano has passed

5

away and Defendant Joseph Armentano, the sole remaining voting shareholder, and Defendants

Joseph and John Armentano, the sole remaining directors and officers of Paraco, participated in

and are responsible for the acts complained of and have dominated and controlled Paraco. A  DK 1

demand upon the board of directors would therefore be a vain and futile act.

25.     Plaintiff has no adequate remedy at law.

AS AND FOR A
SECOND CAUSE OF ACTION

26.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of this

complaint with the same force and effect as if fully set forth herein.

27.     Since their acquisition of the stock pursuant to the resolution described above,

Defendants Joseph and John Armentano have been wrongfully and unjustly enriched by receipt

of benefits deriving from the ownership of the stock.

28.     By reason of Defendants Joseph and John Armentano's wrongful acts and conduct, they

should each be made to account for all benefits from the improper increase in their

stockholdings, and for judgment in an amount equal to the value of all benefits wrongfully

received by virtue of such stock transfer and ownership, together with interest.

29.     Plaintiff has no adequate remedy at law.

AS AND FOR A
THIRD CAUSE OF ACTION

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of this

complaint with the same force and effect as if fully set forth herein.

6

31.   The foregoing constitutes self-dealing, the misuse of positions and authority within the corporation, breach of trust and the breach of fiduciary duties owed by Defendants Joseph and John Armentano to Plaintiff and to Paraco, all to the damage of Paraco, for which Defendants Joseph and John Armentano are liable, in an amount to be determined at trial.

## INDIVIDUAL ACTIONS

### AS AND FOR A
### FOURTH CAUSE OF ACTION

32.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 of this complaint with the same force and effect as if fully set forth herein.

33.   But for the actions of Defendants Joseph and John Armentano, Plaintiff's percentage share ownership, and thus the value of Plaintiff's ownership in Paraco, would be greater than it is today.

34.   The dilution of Plaintiff's shares has caused and will continue to cause Plaintiff harm.

WHEREFORE, Plaintiff on his own behalf and for the benefit of Paraco and its shareholders, demands judgment as follows:

(a)  On the first cause of action, that the shares issued to Joseph Armentano as part of the Joseph Armentano Compensation Plan be rescinded and the stock so issued be returned to treasury, with same to be deemed effective as of the time of its transfer;

7

and that the shares issued to John Armentano as part of the John Armentano Compensation Plan be rescinded and the stock so issued be returned to treasury, with same to be deemed effective as of the time of its transfer.

(b) On the second cause of action, that Defendants Joseph and John Armentano each be ordered to account and be held liable to Paraco in an amount equal to the value of the benefits derived from the stock issued pursuant to the respective Compensation Plans, from the time of its issuance until the date of judgment, together with interest.

(c) On the third cause of action, for damages in an amount to be determined at trial.

(d) On the fourth cause of action, for damages in an amount to be determined at trial.

(e) Requiring Defendants to pay Plaintiff's reasonable expenses for the prosecution of this action, including reasonable attorney's fees and accounting fees, together with costs and disbursements of this action.

(f) For such other and further relief as this Court may deem just and proper.

Dated:      North Salem, New York

May 12, 2010

Jennifer D. Janelie, Esq.
Attorney for Plaintiff

By _____
Jennifer D. Janelie
2 Hardscrabble Road
North Salem, New York  10560
(914) 276-0490

8