**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
PARACO GAS CORPORATION,      :
               :
      Plaintiff,     :   12-CV-5562 (KMK)
               :
    v.         :
               :
TRAVELERS CASUALTY AND SURETY  :   ECF CASE
COMPANY OF AMERICA,  CARNALL   :
INSURANCE, LLC a/k/a FAIRFIELD COUNTY :
BANK INSURANCE SERVICES, ALICE LARA- :
PIVETZ and JEFF WELSCH,     :
               :   Jury Trial Demanded
      Defendants.   :
-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRAVELERS
CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF PARACO GAS CORPORATION'S
CLAIM AND CO-DEFENDANTS CARNALL INSURANCE, LLC a/k/a FAIRFIELD
COUNTY BANK INSURANCE SERVICES, ALICE LARA-PIVETZ, AND JEFF
WELSCH'S CROSS-CLAIM**

   Defendant, Travelers Casualty and Surety Company of America ("Travelers"), submits

this Reply Memorandum of Law in Support of its Motion for Summary Judgment on Plaintiff

Paraco Gas Corporation's ("Paraco") fraud claim (the "Fraud Claim") and Co-Defendants

Carnall Insurance, LLC a/k/a Fairfield County Bank Insurance Services, Alice Lara-Pivetz, and

Jeff Welsch's (collectively "Carnall") cross-claim for contractual indemnity (the "Indemnity

Claim").

## I.      ARGUMENT

### A.      Paraco's Opposition Fails To Raise An Issue Of Fact For Trial That It Justifiably Relied On A Misrepresentation Or Material Omission Of Fact

In its Memorandum of Law in Support of its Motion for Summary Judgment, Travelers established that Paraco's Fraud claim, its only remaining claim against Travelers, fails because (1) the October 2, 2009 email from its underwriter, Jason Hull, did not contain any false or misleading representations intended to deceive Paraco, upon which Paraco reasonably relied and (2) Carnall's role as Paraco's broker absolved Travelers of any liability on Paraco's Fraud Claim.

In its opposition, Paraco argues that Hull's statements in his email, (the sole Travelers representation upon which Paraco thus far has claimed to rely) constituted misrepresentations because he knew that the policy Travelers was quoting would not, as he stated, match the expiring Chubb policy.   From there, Paraco infers that because Hull knew the Travelers policy contained a 5% Ownership Percentage Exclusion and that many of the Paraco shareholders had more than a 5% equity stake in the company, this representation was made with the intent to deceive.  Paraco also cites to Travelers' literature describing the Wrap + Policy and identifying potential liability exposures and commenting on the cost of defending a lawsuit.  Finally, Paraco argues that the fact that it provided a significant amount of materials to Travelers in support of its application demonstrates its reasonable reliance that Travelers would act in good faith.

Paraco's Fraud Claim fails if Paraco cannot prove each and every element of that claim. In order for Travelers to prevail on its motion, it need only demonstrate the absence of evidence as to any one of the essential elements of Paraco's Fraud Claim.  *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009).  The only reasonable finding, based on the evidence before the Court, is that Paraco cannot meet its burden.  Paraco's opposition is based on the contentions that (1) Travelers' underwriter, Hull, represented "that Travelers could provide

executive liability coverage that would match or exceed the coverage under the Chubb policy," (2) the Hull email stated "[t]he second quote matches [the] expiring Chubb policy", and (3) Hull was knowledgeable about the Chubb policy and admitted he had never seen a Chubb policy with an Ownership Percentage Exclusion.[1]  (Memorandum of Law in Opposition of Traveler's Motion for Summary Judgment at 8-9 ("Paraco's Opp.").)  These contentions address whether Travelers made a misrepresentation or a material omission of fact which was false and known to be false.  Paraco also argues that it reasonably relied upon Travelers by virtue of the fact that it submitted a vast amount of proprietary information to Travelers in connection with applying for the Travelers Policy and received representations by Travelers concerning the important and essential protections of a D&O policy.  (Paraco's Opp. at 8.)  However, Paraco's arguments are unavailing because, as a matter of law, it cannot establish that it justifiably relied on a misrepresentation on a material omission by Travelers.

First, as pointed out in Travelers' Memorandum of Law in Support of its Motion for Summary Judgment, New York law requires that fraud be established by clear and convincing evidence.  *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y. 2d 330, 349-50, 725 N.E. 2d 598, 607 (1999).  Paraco cannot establish by clear and convincing evidence that it justifiably relied on a misrepresentation or a material omission by Travelers.  *Paraco Gas Corp. v. Travelers Cas. and Sur. Co. of Am.*, 51 F.Supp. 3d 379, 392 (S.D.N.Y. 2014).  The Travelers quote letters of October 2, 20 and 21, 2009, not only expressly identified each and every provision of the policies offered to Paraco, but provided Paraco with specimen copies of the policy form and the endorsements containing  the terms and conditions of the Policy, which is fatal to Paraco's Fraud Claim.

---

[1] Hull actually testified that he could not recall whether he had ever seen a Chubb policy with an Ownership Percentage Exclusion.  *See* Excerpt of Transcript of Jason Hull's deposition testimony, attached hereto as Exhibit A.

Travelers demonstrated in its Memorandum of Law in Support of its Motion for Summary Judgment that the only reasonable interpretation of Hull's email is that Hull was referring to the limit of liability and retention of the Chubb policy, because (1) that was the only information Hull had when he sent the email, and (2) a D&O policy is a complicated product such that no two carriers' policies have identical terms and conditions.  Paraco disputes that the time and date stamp of Hull's email sending the October 2, 2009 quote letter and Carnall's email later that day forwarding Hull the actual Chubb policy, establishes as a matter of undisputed fact the sequence of events.  (Paraco's Opp. at 9; Plaintiff's Opposition to Statement of Material Facts Pursuant to Local Rule 56.1 of Travelers Casualty and Surety Company ("Paraco's Rule 56.1 Opp.") at ¶¶ 27, 32 and 33.)  However, Paraco offers no contrary evidence, and to defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011); *see also* Local Civil Rule 56.1(d).  Similarly, in response to the testimony of Hull and Alice Lara that D&O policies are complicated products, and Hull's testimony that it would be unreasonable for a broker to infer from his email that the two policies provided exactly the same coverage, Paraco states only that these are Hull's and Lara's opinions.  (Paraco's Rule 56.1 Opp. at ¶¶ 41, 42 and 43.)  While Travelers disagrees with this characterization of their testimony, opinion testimony by lay witnesses is admissible pursuant to Fed. R. Evid. 701 (the terms of which are satisfied here) and Paraco has not offered any contrary evidence.  Lastly, Hull testified the email referenced the Chubb limit of liability and retention.  The undisputed fact that in the quote letters Hull specified the exact terms and conditions of the policies being offered, including the Ownership Percentage Exclusion, dispels any inference that Hull acted with an intent to deceive.

Aside from three cases addressing generally the standards governing a motion for summary judgment, Paraco cites to no authority to support its position and makes no effort to distinguish the cases relied upon by Travelers in moving for summary judgment.  For example, Travelers relied on *In re Eugenia VI Venture Holdings, Ltd. Litigation*, 649 F.Supp. 2d 105 (S.D.N.Y. 2008), where the court entered summary judgment for the defendants, finding as a matter of law that plaintiff's reliance was unreasonable.  *Id.* at 121.  The court stated that the question of whether a plaintiff's reliance was reasonable typically turns on plaintiff's knowledge, or access to knowledge, at the time the alleged misrepresentations were made.  *Id.* at 118.  In addition the court stated that, "where sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance."  *Id.* (citing *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)).  The court noted that the plaintiff (like Paraco here) not only had access to, but had actual possession of, the truth behind defendants' representations.  *Id.* at 120.

Plaintiff's fraud claim in *Eugenia* was based in part on defendants' inclusion of ineligible accounts receivable in borrowing base certificates.  However, the court emphasized that defendants expressly labeled the ineligible accounts in the backup materials it submitted to plaintiff.  *Id.*  The court rejected plaintiff's argument that the information was swallowed up and obscured within voluminous backup documents submitted separately and after the borrowing base certificates.  *Id.*  The court recognized that  the truth was in plaintiff's very hands for more than two years and concluded:

> [T]he Court cannot, under New York law, look past the additional
> and surrounding material facts that, together with these
> transactions, point clearly to Plaintiff's access to knowledge, and

> duty to pay attention and make inquiry before relying on
> Defendants' statements.

*Id.*

 Here, as the Court previously recognized, each of the Travelers' quote letters identified the endorsements applicable to the quotes and under the heading Private D&O Endorsements included the following for most of the quotes and the one ultimately selected by Paraco:

| Form | Description |
|------|-------------|
| PDO-7001-0705 | Ownership Percentage Exclusion |
| % of the Named Insured | 5% |

*See Paraco*, 51 F.Supp. 3d at 393-94.  The policy specimens and form endorsements, moreover, were provided with each quote letter.  Therefore, there can be no doubt that "[t]he truth was in Plaintiff's very hands."  *Eugenia*, 694 F.Supp. 2d at 120.  *See also Iconics Brand Group Inc. v. Merrill Lynch, Pearce, Femmer & Smith Inc.*, 505 Fed. Appx. 14, 17 (2d Cir. 2012) (granting a motion to dismiss where it was undisputed that the purportedly secret "put" option was unambiguously disclosed on the first page on the relevant offering memorandum).

 This Court, in granting in part and denying in part Travelers' motion to dismiss, already concluded that;

> Paraco need only to have read the Policy that it signed to discover
> the existence of the Exclusion.  Indeed, under New York law, a
> signatory to a contract has the responsibility to read the contract he
> or she signs and is bound by the terms that are in an executed
> contract.

*Paraco*, 51 F.Supp. 3d at 393.  This Court has also already rejected Paraco's argument, analogous to the contention advanced by plaintiff in *Eugenia*, that the Travelers "Policy is 70 pages in length and…[t]he exclusion does not come up until page 57 of the Policy."  *Id.* at 394.  Similarly, as in *Eugenia*, this Court recognized that Paraco is a sophisticated corporate party and

was contracting with Travelers, which is similarly sophisticated, further undermining Paraco's claim of reasonable reliance.  *Id.* at 394.

Paraco argues that the fact that it submitted a vast amount of proprietary information to Travelers as part of the application process and received representations by Travelers concerning the important and essential protections of a D&O Policy, demonstrates its reasonable reliance, and therefore it was reasonable for it to conclude that Travelers would act in good faith and not in a purportedly fraudulent, deceitful and dishonest manner.  (Paraco's Opp. at 8.)[2]  This novel approach to the issue of justifiable reliance turns the law of New York on its head, absolves a party to a transaction from reviewing the terms of the contract and/or the content of the other party's representations, and instead substitutes an analysis of whether a party reasonably relied on the other parties' good faith.  It is hardly surprising, therefore, that Paraco cites no legal authority in support of its argument.  There is no such authority.

In denying Travelers' motion to dismiss, the Court stated, "the reasonableness of Paraco's reliance is complicated by the fact that it hired [Carnall] to find a new policy," citing *Am. Bldg. Supplies Corp. v. Petrocelli Group, Inc.*, 19 N.Y. 3d 730, 955 N.Y.S. 2d 854 (2012). *See Paraco*, 51 F.Supp. 3d at 395.  The Court concluded:

> While Paraco's reliance on [Carnall] may not have been
> unreasonable, there remains the unasked (and un-briefed) question
> of whether [Carnall's] role absolves Travelers.

---

[2] Paraco cites to Travelers' marketing literature which includes the following description of sources of potential liability:
> Shareholder and creditor lawsuits: Investors or debt holders alleging breach of
> duty or misrepresentation or disputing managerial decisions.

However, it contains an express reservation that:
> This material does not amend, or otherwise affect, the provisions or coverage of
> any insurance policy issued by Travelers.  It is not a representation that coverage
> does or does not exist for any particular claim or loss under any such policy or
> bond.

(Paraco's Opp. at Ex. Q (FCBIS 120).)  Moreover, the Ownership Percentage Exclusion does not bar coverage for a claim by the Grandchildren's Trust (a shareholder), creditors or debt holders.

*Id.* at 396.  Although Paraco includes a section in its brief purporting to respond to Travelers

argument that Carnall's role as Paraco's broker absolved it of liability on Paraco's Fraud Claim,

Paraco does not include any substantive argument at all.  It merely reiterates its argument that

Travelers made a material misrepresentation.  Paraco perhaps recognizes, as it must, that it is

bound by Carnall's actions.

Paraco is Carnall's principal,[3] and Paraco therefore is bound by Carnall's knowledge, or

access to knowledge, of the contents of Travelers' quote letters, including the Ownership

Percentage Exclusion.  *Ribacoff v. Chubb Group of Ins. Cos.*, 2 A.D. 3d 153, 154-55, (1st Dep't

2003); *Jefferson Ins. Co. of N.Y. v. Cassella*, No. 00-CV-5898, 2003 WL 23411876, at *3

(E.D.N.Y. October 21, 2003).  Moreover, as Paraco did not even receive Hull's email or the

quote letters until 2012 (years after the policy was issued), its Fraud Claim rests, if at all, on

statements made to its agent, Carnall.  The Court has already ruled all the information needed to

discover the alleged fraud was provided to Carnall, and Carnall's alleged reliance was

unreasonable.  *Paraco*, 51 F.Supp. 3d at 397.

The *American Building Supply* decision stands for the proposition that an insured may

bring claims for negligence and breach of contract against its broker notwithstanding its receipt

of and an opportunity to read the policy.  *Am. Bldg. Supply*, 19 N.Y. 3d at 736.  The court held an

insured should have a right to "look to the expertise of its broker with respect to insurance

matters" and concluded the failure to read the policy may give rise to a defense of comparative

negligence but should not bar altogether an action against the broker.  *Id.* at 736-37. The

authorities that have relied upon *American Building Supply* had done so in that same context, i.e.,

a claim by an insured against its broker, not with respect to claims against the insurer.  The

---

[3] Paraco in response to paragraph 11 of Travelers Rule 56.1 Statement of Undisputed Facts acknowledged it
"retained Carnall as its broker."  (Paraco's Rule 56.1 Opp. at ¶ 11.)

rationale of the decision has never been applied to sanction a claim by an insured against its insurer for fraud.  This makes sense, as the broker's knowledge, or access to knowledge, of the policy's terms and conditions binds its principal, the insured.  *Ribacoff*, 2 A.D. 3d at 154-55; *Casella*, 2003 WL 23411876, at *3.

Lastly, the Court previously noted that if Paraco had renewed the Travelers Policy, including the Ownership Percentage Exclusion, this would make it even more difficult for Paraco to plead reliance.  *Paraco*, 51 F.Supp. 3d at 394 n. 7.  Paraco in fact did renew the Travelers Policy, including the Ownership Percentage Exclusion, not once, but twice – for the 2010-2011 policy period and again for the 2011-2012 policy period – without having asked Travelers about the exclusion.  (Paraco's Rule 56.1 Opp. at ¶¶ 56 and 57, admitting Travelers' statements of fact.)  This is yet another reason to conclude that Paraco did not reasonably rely on any representation by Travelers and to sustain Travelers' motion.  *See Paraco*, 51 F.Supp. 3d at 394 n. 7; *Portnoy v. Allstate Ind. Co.*, 82 A.D. 3d 1196, 1198, 921 N.Y.S. 2d 98 (1st Dep't 2011).

In summary, because Travelers has provided unrefuted evidence precluding Paraco from maintaining its assertion of justifiable reliance (as well as proving that no misrepresentation with intent to deceive was made), Paraco cannot prevail on its Fraud Claim.

## B.    Carnall Concedes Its Cross-claim Cannot Survive Entry Of Summary Judgment for Travelers

Carnall, in its one-paragraph opposition to Travelers' motion, concedes that its Indemnity Claim is dependent on the Court sustaining Paraco's Fraud Claim.  Accordingly, in the event the Court agrees with Travelers that Paraco as a matter of law cannot establish its Fraud Claim, it should enter summary judgment for Travelers on Carnall's cross-claim as well.

## CONCLUSION

For all of the foregoing reasons, Defendant, Travelers Casualty and Surety Company of America, respectfully requests the Court enter summary judgment in its favor.


Dated:  February 26, 2016

Respectfully submitted,

Defendant Travelers Casualty and Surety
Company of America


By:  s/ *Alexis J. Rogoski*
Alexis J. Rogoski
Paul V. Miletic

Alexis J. Rogoski, Esq.
Paul V. Miletic, Esq.
Skarzynski Black LLC
One Battery Park Plaza, Fl. 32
New York, New York 10004
Tel: (212) 820-7700

## CERTIFICATE OF SERVICE

I, Alexis J. Rogoski, one of the Defendant's attorneys, hereby certify that on February 26, 2016, I caused true and correct copies of the foregoing **Reply Memorandum of Law in Support of Defendant Travelers Casualty and Surety Company of America's Motion for Summary Judgment on Plaintiff Paraco Gas Corporation's Claim and Co-Defendants Carnall Insurance, LLC a/k/a Fairfield County Bank Insurance Services, Alice Lara-Pivetz, and Jeff Welsch's Cross-Claim** to be served via the Court's CM/ECF system on all attorneys of record.

/s/ *Alexis J. Rogoski*
Alexis J. Rogoski

4814-5429-7646, v. 2